**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Osazuma IGBINOVIA, Defendant–
Appellant.**

No. 01–5878.

United States Court of Appeals,
Sixth Circuit.

July 22, 2003.

Before RYAN and BATCHELDER, Circuit Judges; and TARNOW, District Judge.*

## OPINION

TARNOW, District Judge.

Osazuma Igbinovia appeals an order denying his motion to compel the United States to file a "substantial assistance" motion for a downward sentencing departure under USSG § 5K1.1, p.s. Appellant sought the filing of this motion pursuant to his agreement with the United States to plead guilty to a single count of conspiracy to possess heroin with the intent to distrib-

---

\* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

ute in violation of 18 U.S.C. § 841. For the reasons set forth below we AFFIRM the district court's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 1999, Appellant was indicted with his single co-defendant, Lucky Oshodin Irorere, on three counts related to drug trafficking: 1) conspiracy to possess heroin with the intent to distribute, 18 U.S.C. § 846; 2) aiding and abetting the possession of heroin, 21 U.S.C. § 841; and 3) aiding and abetting the international transportation of heroin, 21 U.S.C. § 952. On September 19, 2000, as Appellant's trial was about to begin, he entered an agreement with the government under which he pleaded guilty to Count One of the indictment. Counts Two and Three against Appellant were dismissed.

The plea agreement contained a "substantial assistance" provision as follows:

Defendant has agreed to cooperate fully with law enforcement authorities. He has agreed to testify before a grand jury, at trial and at sentencing if necessary. If he cooperates fully and truthfully, the United States will consider filing a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) to reflect his cooperation.... He understands that the discretion as to whether to file that motion rests completely with the United States.

The Court reviewed the terms of the plea agreement with Appellant and asked. "Do you understand that this motion is entirely discretionary with the United States? It's their call." Appellant replied, "Yes, Your Honor, I do."

The agreement also contains an "integration clause" stating that the agreement "is the only plea agreement between the parties and that any other agreements are null and void."

Pursuant to the agreement, government representatives interviewed Mr. Igbinovia regarding testimony he might provide about his co-indictee, Mr. Irorere. Based on other information in its possession, the government concluded that Appellant had lied during the interview about the ownership of certain cellular phones involved in the drug trafficking. The government has maintained that for this reason it chose not call Appellant as a witness in Mr. Irorere's trial and did not file the "substantial assistance" motion.

Appellant moved to compel the government to file the motion. At a hearing on the motion to compel, the government's attorney reiterated what he had told the defense counsel previously–that he had not filed the "substantial assistance" motion because Appellant had lied about the cell phones. The district court denied the motion to compel, citing, among other reasons, the discretionary nature of the agreement's terms. The instant appeal ensued.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review the decision of the district court pursuant to 28 U.S.C. § 1291. Plea agreements are contractual in nature, thus traditional rules of contract law are applied to interpret and enforce them. *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir.2002). The district court's factual findings on the content of a plea agreement are reviewed for clear error. *Id.* Whether the government's conduct violated the agreement is a question of law to be reviewed *de novo*. *United States v. Wells*, 211 F.3d 988, 995 (6th Cir.2000).

## III. ANALYSIS

The first step in a case such as this is to determine whether the government retained sole discretion in filing the "substantial assistance" motion. If the government retained discretion, its choice not to file the motion may be reviewed only for unconstitutional motives. *United States v. Moore*, 225 F.3d 637, 641 (6th Cir.2000). If the government has not retained sole discretion, the government must prove by a preponderance of the evidence that the defendant has breached the plea agreement. *United States v. Benjamin*, 138 F.3d 1069, 1074 (6th Cir.1998).

### A. The district court did not err in finding the filing of the "substantial assistance" motion to be discretionary

It is beyond dispute that the plea agreement gives the government full discretion as to whether to file the "substantial assistance" motion. Indeed, the government promises in the agreement to merely "consider" filing the motion if Appellant were to cooperate fully and truthfully. Moreover, the agreement states that Appellant "understands that the discretion as to whether to file that motion rests completely with the United States."

Appellant contests the discretionary nature of their agreement, claiming that there was a "mutual understanding" outside the written agreement that the government *would* file a "substantial assistance" motion if Appellant provided truthful information. An integration clause normally prevents a criminal defendant from asserting that that government made oral promises not contained in the plea agreement, *United States v. Hunt*, 205 F.3d 931, 935 (6th Cir.2000) (citing *Peavy v. United States*, 31 F.3d 1341, 1345 (6th Cir.1994)). However, despite the existence of an integration clause, where the government acknowledges the existence of an oral agreement, and relies on it, the oral agreement may be operable. *See Peavy*, 31 F.3d at 1345.

■ Appellant's strongest evidence in support of the existence of a side agreement still fails to carry his point. The government's brief in opposition to the motion to compel states that defense counsel was told that if Appellant were forthcoming and fully truthful, "the government would, in all probability, file a motion reflecting his substantial assistance." The foregoing qualifier, "in all probability," falls short of divesting the government of its discretion in filing the motion. In light of the text of the agreement, the district court's finding that the government retained discretion in filing the "substantial assistance" motion is therefore not clear error.

### B. The decision whether to file the discretionary "substantial assistance" motion is reviewed for "unconstitutional motive" and there is none alleged here

■ The Sixth Circuit has made clear that where a plea agreement reserves discretion to the government for making a "substantial assistance" motion, "a district court may only review the government's refusal to make the motion to determine whether the refusal is based on unconstitutional considerations, such as the defendant's race." *Benjamin*, 138 F.3d at 1073 (citing *Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992)); *Moore*, 225 F.3d at 641. Appellant has nowhere alleged that unconstitutional considerations motivated the government's choice not to file the "substantial assistance" motion. In fact, the record shows that the government's only motivation was its belief that Appellant had lied about mate-

rial facts in the case. Therefore, because the government retained discretion in filing the motion and its choice was not unconstitutionally motivated, Appellant presents no cognizable ground to compel its filing.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's decision denying Appellant's motion to compel the government to file a "substantial assistance" motion under the terms of his plea agreement.

RYAN, Circuit Judge, concurring.

While I concur in the outcome for which my brother, Judge Tarnow, has written–denial of the relief requested on appeal–I do so for the very different reason that I think this court lacks jurisdiction of the appeal.

About sixteen months before submission of this case, the government filed a motion to dismiss for lack of jurisdiction based on the defendant's agreement to waive his appeal rights. Insofar as I can determine, the motion remains unresolved, except by implication as a result of the majority opinion affirming the judgment below on the merits.

It is undisputed that Igbinovia and the government entered into the written plea agreement which is discussed in the majority opinion. One provision of the plea agreement, however, goes unnoticed: the defendant's waiver of his appeal rights. It requires no citation of authority to demonstrate that this provision of the plea agreement is as binding as any other.

There is, of course, an exception to the rule for cases in which a defendant attacks the validity of his plea by claiming that it was induced, at least in part, by an unfulfilled promise contained in the plea agreement. It is axiomatic "that when a plea rests in any significant degree on a prom-

ise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). When a prosecutor breaches such a promise, the defendant's "conviction cannot stand," *Mabry v. Johnson*, 467 U.S. 504, 509, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984), because the guilty plea fails to "satisf[y] the test for voluntariness and intelligence," *id.* at 510, 104 S.Ct. 2543. In such a situation, a defendant who has explicitly waived his appeal rights in a plea agreement "nevertheless implicitly preserve[s] his right to appeal on grounds that his sentence was illegal or imposed in violation of the plea agreement." *United States v. Michelsen*, 141 F.3d 867, 872 (8th Cir. 1998); *see also United States v. Fleming*, 239 F.3d 761, 765 (6th Cir.2001) (citing *Michelsen*, 141 F.3d at 872).

How then to handle an appeal in which a defendant who waived his right to appeal appeals nevertheless, claiming that the government breached the plea agreement, when it is eminently clear from an examination of the merits that the defendant is bound by his waiver because the government plainly did not breach the plea agreement? This is just such a case. Must the government be put to the expense and inconvenience of investigating, briefing, and arguing such an appeal? Is the court obligated to schedule, hear, and decide an appeal the accused has agreed to waive? I think not.

To preserve a defendant's right to challenge the validity of a guilty plea he claims was induced by a broken plea agreement promise while, at the same time, preserving the government's right to rely on a defendant's appeal waiver, I would adopt the following rule: a defendant is bound by his waiver unless, as a threshold matter, he clearly identifies the specific prosecutorial promise he claims the government

breached, with reference, of course, to the language of the agreement itself.

In this case, as is made eminently clear in my brother's opinion, Igbinovia could not have made such a specific showing because the willingness to "consider" filing a substantial assistance motion is not a prosecutorial promise to make such a motion, and thus cannot "be said to be part of the inducement or consideration" of the defendant's guilty plea. *Santobello*, 404 U.S. at 262, 92 S.Ct. 495. Likewise, a sentence is not "imposed in violation of the plea agreement," *Michelsen*, 141 F.3d at 872, if the government merely declines to exercise its discretion in the defendant's favor.

For these reasons, and these alone, I think the defendant has waived his right to make this appeal and that this court lacks jurisdiction to entertain it.