**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Keith O. NEWMAN, Defendant–Appellant.**

No. 02–5068.

United States Court of Appeals, Sixth Circuit.

Jan. 7, 2004.

Perry H. Piper, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Mark A. Godsey, Cincinnati, OH, for Defendant–Appellant.

Before KRUPANSKY, MOORE, and ROGERS, Circuit Judges.

## OPINION

MOORE, Circuit Judge.

Defendant–Appellant Keith O. Newman ("Newman") appeals his sentence after the United States Government ("government") failed to file a motion for a substantial-assistance downward departure pursuant to § 5K1.1 of the United States Sentencing Guidelines ("USSG"). Newman pleaded guilty to five counts of weapons and meth-amphetamine possession and distribution in an agreement under which the govern-ment retained sole discretion to decide whether Newman rendered substantial as-sistance in the investigation and prosecu-tion of other suspects. The government declined to move for a downward depar-ture, the district court denied any down-ward departure, and we now **AFFIRM** the district court's judgment.

## I. FACTS AND PROCEDURE

Newman's fortunes had only just begun to take a turn for the worse on May 24, 2000, when police officers in Dunlap, Ten-nessee arrested him on an outstanding do-mestic violence warrant and discovered seven grams of methamphetamine, $2,920 in currency, and a loaded pistol in his car. Over the ensuing year, several different law enforcement agencies discovered New-man in possession of methamphetamine, weapons, and materials used in the manu-facture of methamphetamine on three sep-arate occasions in two states. Newman was charged with several drug and gun-related federal offenses in a criminal com-plaint filed with the Eastern District of Tennessee on May 8, 2001. A grand jury returned a five-count indictment against Newman on May 22, 2001.[1] Newman en-tered into a written agreement with the government on July 19, 2001, under which he pleaded guilty to Counts One and Three of the Indictment and the government agreed to not prosecute on the remaining three counts. In paragraph 4(b) of the plea agreement, Newman and the govern-ment agreed:

---

1. Count One charged that Newman conspired to manufacture and distribute in excess of 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C). Count Two charged that Newman possessed meth-amphetamine with intent to distribute in vio-lation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Count Three charged that Newman possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Count Four charged that Newman was a pre-viously convicted felon who possessed a fire-arm that had been shipped in interstate com-merce in violation of 18 U.S.C. § 922(g)(1). Count Five charged that Newman possessed chemicals and equipment used in the manu-facture of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 843(a)(6).

If, in the view of the United States, Mr. Newman renders substantial assistance to the United States, at the time of sentencing the United States will recommend to the Court that he receive a downward departure from the sentencing guidelines range pursuant to Section 5K1.1 of the Federal Sentencing Guidelines and below any mandatory minimum pursuant to 18 U.S.C. § 3553(e). The determination as to whether or not Mr. Newman has rendered substantial assistance will be made solely by the United States.

Joint Appendix ("J.A.") at 19–20. The agreement also stated that, "if the defendant violates any federal, state or local law after entering into this plea agreement, then the United States will be relieved from any obligation it may have under the plea agreement, including the obligation to file a motion for a downward departure." J.A. at 20.

Newman argues that between the district court's acceptance of the plea agreement and the sentencing hearing on December 7, 2001, he substantially assisted the government, contributing to the prosecution and conviction of "numerous individuals." Appellant's Br. at 8. The government counters that Newman's assistance was limited to attendance at a "proffer session," at which Newman provided the government with previously known information about other methamphetamine manufacturers. Appellee's Br. at 9, 18. At the sentencing hearing, the government agreed that Newman "did in fact cooperate with the government," and "gave some information that was valuable," J.A. at 44–45, but it claimed that while in jail awaiting sentencing, Newman agreed to sell another inmate several firearms and discussed a potential sale of plastic explosives, which prevented the government from using Newman's testimony at the trial of another suspect because it destroyed his credibility as a witness. The government asserted that while it was denying Newman "the chance to get a reduction for substantial assistance, ... [Newman] denied the government the benefit of his cooperation ... because we didn't want to use him because of the fact that he was engaged in this— what we believe to be further criminal activity." J.A. at 45.

In response to the government's apparent unwillingness to file a § 5K1.1 motion, Newman's attorney moved the court to consider a downward departure under § 5K2.0 because Newman's "substantial assistance" was a mitigating factor. Newman's attorney claimed that it was unconstitutional for the government to neglect to file the § 5K1.1 motion because of Newman's alleged misconduct if Newman did in fact render substantial assistance. The government then sought to put ATF Agent Gillette on the witness stand to testify as to Newman's involvement in the alleged gun sale, but the court declined to receive the witness, instead ruling that the government did not act improperly in exercising its discretion not to move for a downward departure. The district court sentenced Newman to serve a term of 157 months' incarceration,[2] recommended that Newman receive 500 hours of substance abuse treat-

2. The district court added three levels to the base offense level of 26 pursuant to USSG § 3A1.2(b) because Newman punched a law enforcement officer before striking the officer with his vehicle as Newman tried to escape during a May 2001 arrest. The district court also added two levels pursuant to USSG § 3C1.2 because after injuring the police officer, Newman struck a vehicle containing four high school students in the course of his escape and then proceeded to set his car ablaze in an effort to destroy more methamphetamine evidence. The district court reduced the offense level by three for Newman's acceptance of responsibility pursuant to USSG § 3E1.1(a)-(b).

ment, and ordered Newman to pay restitution. The district court had jurisdiction over the indictment pursuant to 18 U.S.C. § 3231, and we have jurisdiction over the final sentencing decision of the district court pursuant to 28 U.S.C. § 1291.

## II. ANALYSIS

### A. Standard of Review

We review plea agreements as if they were contracts and employ traditional principles of contract law. *United States v. Lukse,* 286 F.3d 906, 909 (6th Cir.2002). Factual findings are reviewed for clear error, *id.,* but neither party here contests the language of the plea agreement. The district court's determination of whether the government's conduct violated the plea agreement is a question of law that we review de novo. *United States v. Wells,* 211 F.3d 988, 995 (6th Cir.2000).

Initially, we note the strange footing of this appeal, because at sentencing Newman neither directly challenged the government's failure to file a § 5K1.1 motion nor filed his own motion to compel the government to move for a downward departure. Newman instead moved under § 5K2.0 for a downward departure and argued that "it would be improper and therefore unconstitutional for the government to then breach its agreement" if in fact the defendant rendered substantial assistance. J.A. at 48. The failure to file a motion to compel raises the specter of a waiver. However, because counsel did argue that the government unconstitutionality breached the agreement, albeit in the context of a § 5K2.0 motion, the issue is properly before this court. *See United States v. Benjamin,* 138 F.3d 1069, 1074

(6th Cir.1998) (considering § 5K1.1 claim even though defendant "never formally objected to the government's refusal to make a § 5K1.1 motion").[3] Newman does not appeal the denial of the § 5K2.0 motion, and thus we only review the district court's holding that impermissible motives did not spur the government to refrain from acting under § 5K1.1.

### B. Whether the Government Breached the Plea Agreement

The central issue on appeal is whether the government breached the plea agreement by failing to file a § 5K1.1 motion. As provided by 18 U.S.C. § 3553(e), district courts, "[u]pon motion of the Government," can impose a sentence below the statutory minimum when a defendant has rendered "substantial assistance in the *investigation or prosecution* of another person who has committed an offense." 18 U.S.C. § 3553(e) (emphasis added). USSG § 5K1.1 mirrors the statutory provision, permitting a district court to reduce a sentence "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense...." USSG § 5K1.1. There is inherently a large degree of government discretion in deciding whether to file a substantial assistance motion and "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain." USSG § 5K1.1, Application Note 3.

However, the government's decision to decline to file a motion is not entirely insulated from attack. When the govern-

---

**3.** The government has, however, waived the argument that Newman breached the plea agreement by engaging in criminal conduct because it did not raise this issue at the trial court. The government raised the issue of the alleged gun sale only to show that Newman's value as a witness was sharply diminished.

ment flatly promises in the plea agreement to make a substantial assistance motion, bargaining away its discretion, "[t]he government then is obligated to make the motion" unless the government can prove by a preponderance of the evidence that the defendant breached the plea agreement. *Benjamin*, 138 F.3d at 1074. When the government retains its discretion, the district court's review of a decision not to file is extremely circumscribed, as "a district court may only review the government's refusal to make the motion to determine whether the refusal is based on unconstitutional considerations, such as the defendant's race." *Id.* at 1073; *see also Wade v. United States*, 504 U.S. 181, 186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) (recognizing that federal district courts have the authority to grant a remedy if the refusal to file a substantial assistance motion was based on an unconstitutional motive); *United States v. Igbinovia*, No. 01–5878, 2003 WL 21771951, at *3, 71 Fed. Appx. 472 (6th Cir. July 22, 2003). Even if the government acts in bad faith when it refuses to file a substantial assistance motion, the court cannot overturn the government's decision absent some evidence of unconstitutional motives. *United States v. Moore*, 225 F.3d 637, 641 (6th Cir.2000).

Recently, we decided *United States v. Lukse*, 286 F.3d 906 (6th Cir.2002), which Newman relies upon heavily as mandating an outcome in his favor. In *Lukse*, two defendants signed a plea agreement that reserved sole discretion to the government. *Id.* at 908. It was undisputed that both defendants provided the government "with some assistance"; they gave the government previously unknown information that led to the investigation, arrest, and indictment of several other individuals. *Id.* at 909. Before the sentencing hearing, the defendants were observed smoking marijuana in jail and, as a result, the government informed the defendants

that it would not file downward departure motions because the defendants had lost their credibility as trial witnesses. *Id.* The defendants moved the district court to compel the government to file substantial assistance motions, but the district court refused, reasoning that there was no evidence that the government acted upon unconstitutional motives. *Id.*

We reversed and remanded because the government failed to discuss the defendants' role in the investigation, as opposed to the prosecution, of others during the sentencing hearing. Both the plea agreement in *Lukse* and the language of § 5K1.1 imply that failing to render substantial assistance in the *prosecution* of other suspects does not automatically negate the ability to render substantial assistance in the *investigation* of other suspects. *Lukse* established that the government must discuss both categories of assistance in explaining its decision not to file a downward departure motion. We stated:

> The government's insistence ... that the sole reason for the motion not being filed was the [defendants'] damaged trial credibility ... shows that the government only determined whether the [defendants] had substantially assisted them during the prosecution of other suspects ... [and] they never refused to file the motion because substantial assistance had not been rendered during the investigation of other suspects.

*Id.* at 911. Absent an on-the-record statement that the defendants did not provide substantial investigative assistance, the government has "no proof that [the government] in fact decided that the [defendants] did not provide substantial assistance during the investigation of other suspects." *Id.* at 912. Thus, the government must "analyze and determine whether substantial assistance had been ren-

dered." *Id.* It cannot "leave the question unanswered" regarding either type of assistance; it cannot fail to make a motion because it "never made any decision as to whether substantial assistance was rendered." *Id. Lukse* places the burden upon the government to show that a defendant failed to provide substantial assistance in both the investigation and the prosecution of other suspects, because "[a]bsent this proof, the government was bound by the plea agreement and [is] required to file [a] downward departure motion[ ]." *Id.* at 914.

Based upon *Lukse,* we first assess whether the government denied that Newman rendered substantial assistance in both the investigation and prosecution of others. The government clearly stated that Newman failed to provide substantial prosecutorial assistance because his alleged criminal activity undermined his usefulness as a witness. In relation to the investigation of others, the government stated that Newman "did in fact cooperate with the government" and "gave some information that was valuable," J.A. at 44–45,[4] but it did not label such help as "substantial assistance." In contrast to *Lukse,* the government did not completely fail to discuss Newman's investigative assistance. While the government should have been much clearer in enunciating its determination that Newman did not render substantial investigative assistance, we cannot assume that the use of the terms "cooperate" and "valuable" in lieu of "substantial assistance" was unintentional. "The difference between substantial assistance and full co-

operation is not merely semantic. A defendant might fully cooperate with the government yet fail to provide information that substantially assists it." *United States v. Wells,* 211 F.3d 988, 996 (6th Cir.2000); *see also United States v. Houston,* No. 01–3512, 2002 WL 1455330, at *2, 40 Fed.Appx. 139 (6th Cir. July 2, 2002) (highlighting the critical distinction between a plea agreement that speaks in terms of "cooperation" versus one that employs the phrase "substantial assistance"). Furthermore, whereas the government's silence in *Lukse* was all the more deafening when juxtaposed with several statements made by state and federal law enforcement officers attesting to the defendants' assistance, the government's statement that Newman merely "cooperated" was not belied by any evidence to the contrary. The government's mention of Newman's cooperation without an accompanying discussion of substantial assistance suffices, although barely, as an exercise of the government's discretion not to file a downward departure motion. Because the government did deny that Newman rendered substantial assistance, we are limited to reviewing the government's decision for unconstitutional motives, of which Newman presents no evidence.

## III. CONCLUSION

Because the government explicitly claimed before the district court that Newman did not substantially assist the government in the prosecution of other suspects, and because the government more obliquely asserted that Newman failed to

---

**4.** We do not accept Newman's attempts to attribute to the government statements made by Newman's counsel. *See, e.g.,* Reply Br. at 9. For example, the government never agreed that Newman helped "entangle numerous other defendants." Reply Br. at 9 (quoting J.A. at 46). In fact, Newman's attorney,

Reeves, made that statement at the district court level. Moreover, Newman contends that the government "admitted on the record that Mr. Newman provided substantial assistance," Appellant's Br. at 16, but Newman fails to provide a pinpoint cite to this alleged concession because none exists.

render substantial investigative assistance, we **AFFIRM** the judgment.