RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0132P (6th Cir.)
File Name: 02a0132p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

Nos. 00-6054/6077

SCOTT LUKSE, also known as
SCOTT LUXLEY (00-6054);
JOSHUA HIGHT (00-6077),
*Defendants-Appellants.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 98-00047—Thomas G. Hull, District Judge.

Argued: November 14, 2001,

Decided and Filed: April 17, 2002

Before: KEITH and COLE, Circuit Judges; MARBLEY,
District Judge.

---

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

―――――――――――

**COUNSEL**

**ARGUED:** Edward A. Fiorella, Jr., MORRISON & FIORELLA, Charlotte, North Carolina, Charles I. Poole, CHARLES POOLE & ASSOCIATES, Sevierville, Tennessee, for Appellants. Dan R. Smith, ASSISTANT UNITED STATES ATTORNEY, Johnson City, Tennessee, for Appellee. **ON BRIEF:** Edward A. Fiorella, Jr., MORRISON & FIORELLA, Charlotte, North Carolina, Charles I. Poole, CHARLES POOLE & ASSOCIATES, Sevierville, Tennessee, for Appellants. Dan R. Smith, ASSISTANT UNITED STATES ATTORNEY, Johnson City, Tennessee, for Appellee.

―――――――――――

**OPINION**

―――――――――――

DAMON J. KEITH, Circuit Judge. In this consolidated direct appeal, the defendants Scott Lukse and Joshua Hight contend that the district court erred in not compelling the government to file motions for downward departure based on substantial assistance rendered pursuant to their plea agreements. Although we find that the government retained full discretion to determine whether the defendants did provide substantial assistance, we find that new sentencing hearings are warranted because the government did not meet its burden of showing that the Defendants breached their plea agreements. Therefore, we REVERSE the district courts' decisions and REMAND for new sentencing hearings commensurate with this opinion.

**I.**

The defendants were two of thirteen individuals indicted by a grand jury in the Eastern District of Tennessee on December 15, 1998. Each Appellant was indicted on one count of conspiracy to distribute and possess with the intent

to distribute marijuana, a schedule one controlled substance, in violation of 21 U.S.C. § 841(a)(1). On March 13, 2000, Lukse pled guilty pursuant to a written plea agreement. On June 12, 2000, Hight also pled guilty pursuant to a written plea agreement.

The defendants' plea agreements were identical. Both required the government to file a downward departure motion if, in the sole discretion of the government, the defendants provided them with substantial assistance. The agreements read in relevant part:

> At the time of sentencing, the United States will bring to the court's attention, the nature, extent, and value of the Defendant's cooperation. This information will be provided to the court so that it may be considered in determining a fair and appropriate sentence under the facts of the case. If, in the sole discretion of the United States, the Defendant provides substantial assistance in the investigation or prosecution of another person who has committed an offense, the United States will make a motion for downward departure pursuant to U.S.S.G. § 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), or both, with the Government allowing the District Court to impose a sentence which may fall below the minimum mandatory term of imprisonment or below the sentencing guidelines.

It is undisputed that both Appellants provided the government with some assistance. The extent of Lukse's assistance was detailed to the sentencing court in a letter dated July 20, 2000, from Special Agent David Ramsey of the North Carolina State Bureau of Investigation. Lukse's cooperation led to the arrest and indictment of at least three individuals whom the government would not have known about absent his help.

Similarly, Hight provided the government with important information previously unknown to them. Hight provided a Drug Enforcement Agency Special Agent with the names and involvement of other individuals who were involved in the

conspiracy to sell and deliver marijuana for which he pled guilty.

After their pleas and their aforementioned cooperation with the government, but prior to their sentencing hearing, both men were seen smoking a marijuana joint in jail. The Appellants subsequently admitted this to the government. As a result, the government notified the Appellants' lawyers that they would not file motions for downward departure, claiming that the Appellants had lost their credibility and usefulness as trial witnesses.

The Appellants separately moved the district court to compel the government to file downward departure motions. The district court denied the motions, reasoning that the government had retained complete discretion to determine whether substantial assistance had been rendered. Citing our opinion in *United States v. Benjamin*, 138 F.3d 1069, 1073 (6th Cir. 1998), the district court concluded that it could only review the government's refusal to file the motions if that decision was motivated by unconstitutional considerations, which had not been alleged. Thereafter, Lukse was sentenced to 120 months and Hight to seventy-five months in the custody of the United States Bureau of Prisons.

Both Appellants timely filed their appeal and we consolidated the cases for review.

## II.

Plea agreements are contractual in nature. In interpreting and enforcing them, this Court uses traditional principles of contract law. *See United States v. Robinson*, 924 F.2d 612, 613 (6th Cir. 1991). The content of a plea agreement and what the parties agreed to is a question of fact for the district court that is reviewed for clear error. *See Baker v. United States,* 781 F.2d 85 (6th Cir. 1986). Before declining to honor a term in a plea agreement, the government bears the burden of proving a defendant's breach by a preponderance of the evidence. *See Benjamin*, 138 F.3d at 1073.

Moreover, although we cannot judge whether substantial assistance was rendered ourselves, nor do our previously discussed precedents prevent prosecutors from acting in bad faith, we must assume that when it comes to decisions as important as the constitutionally protected right to have one's plea agreement honored, both the professional code of ethics and ordinary decency drive prosecutors to act in good faith. *See e.g. McClesky v. Kemp,* 481 U.S. 279, 313 (1987) ("Where the discretion that is fundamental to our criminal process is involved, we decline to assume that what is unexplained is invidious."). Here, the unrebutted evidence shows that the Appellants provided what would normally be deemed "substantial assistance."

## VI.

Therefore, we hold that the government did not carry its burden to show that the Appellants had breached the plea agreements with respect to the investigation of other suspects. Absent this proof, the government was bound by the plea agreement and was required to file downward departure motions. Moreover, we think that there is sufficient evidence showing that the government decided that Appellant Hight had rendered substantial assistance with regard to the investigation of other suspects. The government's subsequent failure to file the downward departure motion breached the plea agreements. As such, we remand for a new sentencing hearing and order the government to file downward departure motions commensurate with the Appellants' cooperation and this opinion.

erred by denying the Appellants' motions, absent the government meeting its burden.

Apart from the government not meeting its burden to prove that the Appellants had breached the plea agreement, we think that there is sufficient evidence that the government breached the plea agreement by actually deciding that Appellant Hight did provide them with substantial assistance during the investigation of other suspects. Without an explicit statement in court denying this, the only way that we can determine the government's position is to examine other available evidence. Thinking that the government's refusal to file the downward departure motion served as a denial that substantial assistance had been rendered, the district court did not consider this other evidence because no unconstitutional motives were alleged. However, the government indicated during the sentencing hearing that Appellant Hight provided them with substantial assistance until he was caught smoking marijuana. During the sentencing hearing, the following exchange took place:

Hight's Attorney: Your Honor, if there is a question as to whether or not Mr. Hight gave substantial assistance to the Government, I think I can call Agent XXX, but I think –

Court: I don't think that's in contention that – the thing that he's losing out for is because of what happened after that.

Government: Yes, sir.[5]

[5] It is also worth noting that in its July 19, 2000 order responding to Appellant Hight's objections to the presentence report, the district court stated, "In its discretion, the Court declines to deny the defendant this [acceptance of responsibility] deduction because this positive drug screen has caused the defendant to lose a motion for downward departure that the government would have otherwise made."

Section 5K1.1 of the Sentencing Guidelines allows a sentencing court to depart from the guidelines if the government files a motion indicating that a defendant has provided them with substantial assistance in the investigation or prosecution of another person who has committed a crime. *See* U.S.S.G. § 5K1.1. In many plea agreements, the government refers to the possibility of a § 5K1.1 motion but ultimately reserves unilateral discretion to determine whether the motion is appropriate. In such a situation, this Circuit has ruled that courts may only review the government's refusal to file the motion to determine whether its decision was based on unconstitutional motives. *See Benjamin,* 138 F.3d at 1073. While some Circuits hold otherwise, we have clearly held that reviewing decisions for bad faith is not allowed. *See U.S. v. Moore*, 225 F.3d 637 (6th Cir. 2000).

It is equally clear, however, that our inability to review the Government's decision to file a substantial assistance motion for bad faith does not allow the government to openly breach plea agreements. *See Marbry v. Johnson*, 467 U.S. 504, 509 (1983) ("when the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand[.]").[1] As the Supreme Court stated in *Marbry*, "'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" *Id.* at 509 (quoting *Santobella v. New York,* 404 U.S. 257, 262 (1971)).

### III.

The Appellants concede that the government retained unilateral discretion to determine whether substantial assistance had been rendered. However, citing our decision in *Benjamin*, they argue that once the government had

[1] Specific performance on promises contained within a plea agreement is also an accepted remedy for breach. *See Peavy v. United States,* 31 F.3d 1341, 1346 (6th Cir. 1994).

determined that substantial assistance had been rendered, the government was required to file the motions for downward departure. At this point, argue the Appellants, the government had no discretion.

Also citing our decision in *Benjamin*, the government argues that because it retained sole discretion to determine whether substantial assistance had been rendered, their refusal to file motions for downward departure is reviewable only for unconstitutional motives.

This dispute over the application of *Benjamin* warrants a review of that case and our subsequent decision in *United States v. Moore,* 225 F.3d 637 (6th Cir. 2000).

### IV.

In *Benjamin*, one of the defendant's plea agreement required the government to make a motion for downward departure if he rendered substantial assistance. *Benjamin,* 138 F.3d at 1074. The relevant language in the agreement read: "if the defendant fully complies with all his obligations, as defined and described in this Plea Agreement, the government will, at the time of sentencing, move for a four-level reduction for substantial assistance." *Id.* Although we hypothesized in *Benjamin* that had the government retained complete discretion to determine whether the substantial assistance standard had been met, we would only be able to review that decision for motivations that were unconstitutional, our decision in that case did not rest on such a principle. *Id.* at 1073. Ultimately, we concluded that the government had not retained the discretion to determine whether the substantial assistance standard had been met. *Id.* at 1074. We then stated that when the government does not retain sole discretion to determine whether substantial assistance has been rendered, they can only refuse to file a downward departure motion if they can prove by a preponderance of the evidence that the defendant breached the plea agreement. *Id.* In *Benjamin*, the district court had specifically stated that the government had not proved the defendant's breach by a preponderance of the

We are, however, guided by two principles. First, is the seemingly self-evident proposition that prosecutors cannot breach plea agreements. *See Santobello v. New York,* 404 U.S. 257 (1971). While the government might have inadvertently failed to determine whether the Appellants provided substantial assistance during other investigations, or inadvertently failed to recognize that the Appellants needed to assist in prosecuting *or* investigating other suspects, an inadvertent failure to perform obligations under a plea agreement is nonetheless a breach. *Id.* at 262. Second, is the rule from *Benjamin,* that before dispensing with obligations in a plea agreement, the government bears the burden of first proving the defendant's breach. *See Benjamin,* 138 F.3d at 1073. The fact that the government has retained sole discretion to determine whether the Appellants have breached the plea agreements only affects the level of proof that they must offer to prove the breaches; their bald assertion that the Appellants did not provide substantial assistance during the investigations would have met whatever burden of proof they were required to meet because of our limited ability to review their weighing of the substantial assistance standard. However, the soft requirement for meeting their burden does not change the fact that they had the burden to prove the Appellants' breach.

We hold that the government failed to meet its burden of proving the Appellants' breaches before declining to honor the obligations set forth in the plea agreements. The plea agreements required the Appellants to provide, in the government's eyes, substantial assistance. The government has provided no evidence showing that they determined the Appellants' assistance to be deficient for purposes of the plea agreement.[4] Therefore, *Benjamin* instructs us that the government did not carry its burden and cannot ignore its responsibilities under the plea agreement. The district court

---

[4] In fact, the Government stated during oral argument that they never decided whether the Appellant's provided substantial assistance prior to the marijuana smoking incident at all.

motivations.[3]  Here, however, no such denial has been made with regards to the investigation of other suspects.

Therefore, although the government had complete discretion to determine if the Appellants had rendered substantial assistance, the agreement still imposed certain restraints on them. First, they had to analyze and determine whether substantial assistance had been rendered; they could not simply leave the question unanswered. Second, if the government decided not to file the motion, they had to establish the Appellants' breach of the plea agreement, as *Benjamin* holds that it is their burden. Third, if they determined that substantial assistance had been rendered in either the prosecution or investigation of other suspects, they were required to file the motions. The plea agreement stated that, "[i]f, in the sole discretion of the United States, the Defendant provides substantial assistance in the investigation or prosecution of another person who has committed an offense, the United States *will* make a motion for downward departure[.]" (emphasis added). Any other conclusion would make such plea agreements completely illusory and violate the Supreme Court's dictates on the issue of plea agreements. *See e.g. Marbry v. Johnson*, 467 U.S. 504 (1983); *Santobella v. New York,* 404 U.S. 257 (1971).

Our precedents do not specifically address the situation presently before us, where the government openly claims that they did not determine whether the defendants satisfied their duties with respect to parts of the plea agreements, and the defendants-Appellants claim that the government had determined that they did provide substantial assistance.

---

[3] *See also United States v. Hawkins*, No. 00-1337, 2001 WL 1589420, *7 (6th Cir. Dec. 14, 2001) ("no court is able to review the Government's refusal to file a motion for downward departure."). In *Hawkins,* a panel of this Court went to great lengths to express its disagreement with the rule set forth by *Moore* and *Benjamin.* However, acknowledging that one panel of the Sixth Circuit cannot overrule the decision of another panel, *United States v. Ables,* 167 F.3d 1021, 1027 (6th Cir. 1999), the panel in *Hawkins* followed *Moore* and *Benjamin.*

evidence. *Id.* Therefore, we held that the government breached the plea agreement. *Id.*

It was only in *United States v. Moore*, 225 F.3d 637 (6th Cir. 2000), that we firmly held that "when a plea agreement allocates complete discretion to the government to consider whether a substantial assistance motion should be filed, we may only review the government's decision for unconstitutional motives." *Id.* at 641. In *Moore,* the government clearly retained sole discretion to determine whether they would file a § 5K1.1 motion for substantial assistance rendered. *Id.* When they declined to do so, the defendant-appellant sought court review of the government's reasons for not filing the motion and an order directing the government to file the motion. *Id.* at 640. We denied the motions, concluding that there was no cause of action because no unconstitutional motives had been alleged. *Id.* at 641. Relying on *Benjamin*, we rejected the proposition that we could review the government's decision on whether substantial assistance had been rendered to see if it was made in bad faith. *Id.*

### V.

In this case, the government clearly decided that after being caught smoking marijuana in jail, the Appellants were of no use to them for the prosecution of other defendants. Despite the lengthy criminal history of each Appellant prior to these incidents or the plea agreements themselves, the government claims that this incident destroyed their credibility on the stand. Our precedents do not allow us to review this decision unless the decision was motivated by unconstitutional considerations. Here, none are alleged.

Although the government clearly considered the Appellants' adherence to the plea agreement with respect to the prosecution of other suspects, the Appellants' could satisfy their obligations under the agreement in other ways. The plea agreement had two separate and distinct parts to it. The government was required to file downward departure motions if they determined that the Appellants provided them

with substantial assistance in the prosecution *or* investigation of other suspects. Under the terms of the agreement, cooperation during either phase of a case was sufficient to warrant the filing of the motions. The government's insistence during oral argument and during Appellant Hight's sentencing hearing that the sole reason for the motion not being filed was the Appellants' damaged trial credibility after the marijuana smoking incident shows that the government only determined whether the Appellants had substantially assisted them during the prosecution of other suspects.[2] Importantly, they never refused to file the motion because substantial assistance had not been rendered during the investigation of other suspects.

Nonetheless, the government contends that we cannot review their decision with regards to the investigation of other suspects because no motion was filed. However, absent their statement to the district court, either written or oral, that the

_____

[2]During oral argument, the following exchange with the bench took place,

> Court: But for their smoking marijuana, the assistance given would have been substantial, is that right?

> Government: No sir, your Honor, that decision had never been made, or a motion would have been filed . . . . There has never been an acknowledgment by the government that substantial assistance had been provided . . . . Because they would not be able to provide, in the Government's opinion, credible testimony at a subsequent trial, we would not be providing the downward departure motion.

The Government stated during Hight's Sentencing Hearing,

> [W]e're not going to do anything with the two or three or four people that he gave to us because we cannot. The sole person we would have had to testify about these people out there in never-never land is Mr. Hight, who is off smuggling marijuana into the jail; and that's the reason why we're not providing the substantial assistance.

Appellants did not provide substantial assistance during the investigation of other suspects, they have no proof that they in fact decided that the Appellants did not provide substantial assistance during the investigation of other suspects. The filing of a motion is the result of a finding of substantial assistance, not an actual finding in itself. Put another way, a finding of substantial assistance is a condition precedent to the filing of a motion. Similarly, the failure to file a motion is the result of a finding, not a finding in itself. For example, a motion may not be filed because of a conscious decision that substantial assistance has not been rendered. On the other hand, a motion may not be filed because the government in fact never made any decision as to whether substantial assistance was rendered. The government's discretion lay only in weighing if substantial assistance has been rendered. Therefore, whether a downward departure motion is filed does not always decide whether we can review the government's decisions.

*Moore* and *Benjamin's* instruction that there is no review for bad faith only means that if the Appellants had provided undeniably effective assistance, the government could ignore this help and surreptitiously claim that substantial assistance had not been rendered. Once substantial assistance was acknowledged, however, the government was required to file the motion.

Importantly, neither we, nor any of our sister Circuits have required formal findings by the government on their assessment of whether substantial assistance has been rendered. Therefore, *Moore* and *Benjamin* instruct us that no matter how much evidence is produced by a defendant to show government officials' acknowledgment of defendant's aid in the investigation or prosecution of other suspects, the simple denial of the value of such assistance in open court by the government is unreviewable, but for unconstitutional