**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Randy George STRIEBEL,**
**Defendant–Appellant.**

**No. 03–1381.**

United States Court of Appeals,
Sixth Circuit.

March 22, 2004.

B. Rene Shekmer, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Martin J. Beres, St. Clair Shores, MI, for Defendant–Appellant.

Before BATCHELDER and GIBBONS, Circuit Judges; and COHN, District Judge.*

### ORDER

Randy George Striebel, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 26, 2002, Striebel pleaded guilty to conspiring to manufacture more than fifty grams of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. On December 6, 2002, the presentence investigation report (PSI) was initially disclosed to the parties. On January 6, 2003, Striebel wrote a letter to the district court expressing a desire for a new attorney, essentially arguing that counsel had coerced him to plead guilty. On February 18, 2003, the parties appeared for sentenc-

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

ing, but the district court adjourned the hearing to permit the defendant to file motions for the appointment of substitute counsel and to withdraw his guilty plea. The motions were filed on March 5, 2003. On March 14, 2003, the court denied the motions and sentenced Striebel to 151 months of imprisonment plus five years of supervised release.

On appeal, Striebel argues that: 1) the district court abused its discretion when it denied his motion for the appointment of substitute counsel; 2) the district court abused its discretion when it denied his motion to withdraw his guilty plea; and 3) the government breached its plea agreement by not filing a motion for a downward departure pursuant to USSG § 5K1.1 or, alternatively, when it failed to make a determination as to whether Striebel had provided substantial assistance prior to sentencing.

■ Upon review, we conclude that the district court did not abuse its discretion when it denied Striebel's motion for the appointment of substitute counsel. We review for an abuse of discretion the district court's denial of a motion to withdraw or substitute new counsel. *United States v. Mack*, 258 F.3d 548, 556 (6th Cir.2001). An abuse of discretion occurs when the trial court relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. *United States v. Spikes*, 158 F.3d 913, 927 (6th Cir.1998). When reviewing the denial of a motion for substitute counsel, this court considers: the timeliness of the motion, the adequacy of the district court's inquiry into the matter, whether the conflict between the defendant and the attorney was so great as to cause a total lack of communication and prevent an adequate defense, and the balancing of these factors with the public's interest in the prompt and efficient administration of justice. *Mack*, 258 F.3d at 556.

The district court properly denied Striebel's motion. First, Striebel did not file a timely motion for the appointment of substitute counsel. The motion was filed more than six months after Striebel pleaded guilty. Second, the record clearly reflects that the district court engaged in a thorough inquiry with the parties concerning Striebel's dissatisfaction with his attorney's performance. The district court determined that counsel had visited Striebel in prison on seven occasions for a total of sixteen hours, and that counsel had sent Striebel letters explaining the connection between his pending state charges and federal charges. The district court also noted that, during his change-of-plea hearing, Striebel acknowledged that no one had promised him a specific sentence in exchange for his guilty plea, and that Striebel was aware of the maximum sentence that he faced. The district court advised Striebel that counsel had filed an objection to the amount of methamphetamine attributed to Striebel. Finally, the district court concluded that Striebel had refused to communicate with his attorney, and explained that this was an insufficient reason to replace counsel.

■ We also conclude that the district court did not abuse its discretion when it denied Striebel's motion to withdraw his guilty plea. We review for an abuse of discretion a district court's ruling on a motion to withdraw a guilty plea. *United States v. Durham*, 178 F.3d 796, 798 (6th Cir.1999). As stated above, an abuse of discretion occurs when the trial court relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. *Spikes*, 158 F.3d at 927.

Initially, we note that the Federal Rules of Criminal Procedure were amended a few months prior to the time that Striebel filed his motion to withdraw his guilty plea. Under the former Rule 32(e), a dis-

trict court could permit a defendant to withdraw a guilty plea before sentencing if the defendant showed "any fair and just reason." *See* Fed.R.Crim.P. 32(e) (West 2001). A fair and just reason was required regardless of whether the court had accepted the guilty plea. *United States v. Mader*, 251 F.3d 1099, 1104 (6th Cir.2001). However, as of December 1, 2002, the Rule now requires a fair and just reason only if the court has accepted the plea. *See* Fed. R.Crim.P. 11(d) (West 2003). This change does not affect the review of the district court's decision as the district court had accepted Striebel's plea well before the filing of his motion to withdraw.

The district court did not abuse its discretion when it denied Striebel's motion to withdraw his guilty plea. This court has identified seven factors to be considered in evaluating a motion to withdraw a guilty plea: 1) the amount of time between the plea and the motion to withdraw; 2) the defendant's reason for not moving to withdraw earlier; 3) whether the defendant has asserted or maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; 5) the defendant's nature and background; 6) the defendant's prior experience with the criminal justice system; and 7) any potential prejudice to the government if the motion to withdraw is granted. *See Mader*, 251 F.3d at 1105.

A review of the pertinent factors shows that Striebel has not met his burden. First, he waited approximately six months after pleading guilty before submitting his motion to withdraw, and he did not present a convincing justification for this delay. Although Striebel argued that he did not become aware of the problem with his guilty plea until after the PSI was issued, he still waited three months after the PSI was issued to file his motion to withdraw his guilty plea. In addition, Striebel clearly admitted his guilt and plainly indicated that his plea had not been coerced during

his change-of-plea hearing. Striebel was also familiar with the criminal justice system, as he had approximately ten prior convictions between 1985 and 2002. Although the district court did not specifically find that the government would be prejudiced by permitting Striebel to withdraw his guilty plea, the district court did conclude that the other factors weighed against granting the motion. Under these circumstances, we conclude that the district court did not abuse its discretion by refusing to allow Striebel to withdraw his guilty plea. *See Id.*

Finally, we conclude that the government did not breach its plea agreement with Striebel. Whether the government's conduct violated the plea agreement is a question of law that this court reviews de novo. *United States v. Wells*, 211 F.3d 988, 995 (6th Cir.2000). When a plea rests on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *See Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). When a plea bargain is struck, the defendant should be held to the terms of the plea bargain, and not be heard to complain that the bargain was other than what he openly and unequivocally declared in court. *See Mabry v. Johnson*, 467 U.S. 504, 510–11, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). A plea bargain is contractual in nature, and hence is subject to contract law. *See United States v. Robison*, 924 F.2d 612, 613–14 (6th Cir. 1991). The terms of a contract are determined by what the parties intended. *See id.*

■ Here, the plea agreement specifically provides that the government has made no promise to Striebel to file any motion for a sentence reduction based on substantial assistance. The plea agreement contained an "advisory paragraph" discussing substantial assistance and

§ 5K1.1 motions. However, the paragraph expressly stated that: "This paragraph is merely advisory to the Defendant, is not part of any bargained for exchange, and gives the Defendant no legal or contractual rights of any kind to any motion for a sentence reduction." Moreover, this language distinguishes Striebel's case from the circumstances presented in *United States v. Lukse*, 286 F.3d 906 (6th Cir. 2002), because in that case the government had expressly promised the defendants that it would file a motion for a reduction in sentence in exchange for their substantial assistance in the investigation or prosecution of others. Here, because the government did not agree to file a § 5K1.1 motion, there was no promise which can be said to have been part of the inducement for Striebel to plead guilty.

Accordingly, we affirm the judgment of conviction and sentence.