UNITED STATES of America,
Plaintiff–Appellee,

v.

Julio TRUJILLO, Defendant–Appellant.

No. 02–2404.

United States Court of Appeals,
Sixth Circuit.

May 26, 2004.

---

Karen M. Gibbs, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Julio Trujillo, Anthony New Mexico, TX, pro se.

Julio Trujillo, Milan, MI, pro se.

Martin J. Beres, St. Clair Shores, MI, for Defendant–Appellant.

Before MARTIN and CLAY, Circuit Judges; and MILLS, District Judge.*

## OPINION

MILLS, District Judge.

In the instant appeal, Julio Trujillo asks this Court to vacate his sentence and to remand for re-sentencing.

Trujillo contends that he is entitled to a new sentencing hearing for two reasons:

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

(1) because the downward departure provision of his plea agreement was illusory, unenforceable, and confused the district court and (2) because the Government breached its plea agreement with him by failing to file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1.

For the reasons set forth below, we **AFFIRM** the judgment and the sentence imposed upon Trujillo by the district court.

## I. BACKGROUND

■ A federal grand jury indicted Julio Trujillo and his wife for conspiracy to possess with the intent to distribute in excess of one hundred kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Thereafter, Trujillo pleaded guilty, pursuant to a written plea agreement, to the one count charged in the indictment. In addition, pursuant to the terms of the plea agreement, Trujillo agreed to provide truthful and complete information, in good faith, concerning all of his knowledge about the marijuana trafficking. Finally, Trujillo agreed to waive his appeal rights if the district court sentenced him to a term of imprisonment equal to or less than the maximum sentence described within the plea agreement.[1]

For its part, the Government agreed to withdraw its previously filed 21 U.S.C. § 851 notice of enhancement which would have subjected Trujillo to a mandatory minimum ten year sentence. Furthermore, the Government agreed that, if it determined that Trujillo's cooperation amounted to substantial assistance in the investigation of others, it would either seek a downward departure at the sentencing hearing, pursuant to U.S.S.G. § 5K1.1, or it would move for a reduction in Trujillo's sentence pursuant to Federal Rule of Criminal Procedure 35(b). Finally, the Government agreed that, if it made either a § 5K1.1 motion or a Rule 35(b) motion, it would recommend to the district court that Trujillo's sentence not exceed 78.5 months.

At Trujillo's sentencing hearing, the Government informed the district court, without elaboration, that it would not be filing a downward departure motion pursuant to U.S.S.G. § 5K1.1. The district court then found Trujillo's sentencing guideline range to be seventy-eight to ninety-seven months and sentenced Trujillo to 83 months of imprisonment. This timely appeal followed.

## II. ANALYSIS

Trujillo argues that this Court should remand this case for re-sentencing for two reasons. *First,* Trujillo asserts that the downward departure provision of his plea agreement was illusory, confused the district court, and resulted in a deprivation of his due process rights. Specifically, Trujillo contends that, because the downward departure provision of the plea agreement only required the Government to recommend that his sentence not exceed 78.5 months, and because his guideline range as contemplated by the plea agreement was seventy to eighty-seven months, the plea agreement, in actuality, did not require the Government to make a downward departure motion; rather, it only required the Government to recommend a sentence within the mid-point of the applicable guideline range. Trujillo claims that, as

---

1. Paragraph 2A of the plea agreement provided that Trujillo shall be sentenced to no more than seventy to eighty-seven months of imprisonment. Because the district court sentenced Trujillo to eighty-three months of imprisonment, the Government could have argued that Trujillo waived his right to file this appeal. However, because "waiver is not raised by the [G]overnment on appeal, and it is not jurisdictional, we decline to address it." *United States v. Sanchez,* 225 F.3d 172, 175 (2d Cir.2000).

such, the district court was confused and mistakenly believed that he had not provided any assistance or cooperation to the Government and that this misapprehension caused the district court to impose a sentence which was greater than it otherwise would have imposed had the district court not erroneously believed that he had breached his obligations under the plea agreement.

*Second,* Trujillo argues that the Government breached its obligations under the plea agreement. Specifically, Trujillo asserts that the Government breached its obligations (1) by refusing to make a motion for a downward departure, pursuant to U.S.S.G. § 5K1.1, at the sentencing hearing and (2) by failing to determine, at the time of the sentencing hearing, whether Trujillo had provided substantial assistance. Accordingly, Trujillo asks the Court to vacate his sentence and to remand this case to the district court with directions that the Government be required to file, at the time of re-sentencing, a motion for a downward departure, pursuant to U.S.S.G. § 5K1.1, which is commensurate with the cooperation and substantial assistance which he has provided to the Government.

As we have previously explained:

Because "[p]lea agreements are contractual in nature," *United States v. Robison,* 924 F.2d 612, 613 (1991), a district court's construction of a plea agreement presents a question of law which this court reviews *de novo. Lancaster Glass Corp. v. Philips ECG, Inc.,* 835 F.2d 652, 658 (6th Cir.1987). In *Lancaster,* we

observed that "[w]hen reviewing the district court's interpretation of a contract . . . an appellate court is not limited by the 'clearly erroneous' rule. The interpretation and construction of a written contract . . . are matters of law, thus allowing *de novo* review." *Id.* (citations omitted). Further, whether the government's conduct in this case was in breach of the plea agreement is likewise reviewable *de novo. United States v. Wells,* 211 F.3d 988, 995 (6th Cir.2000).

*United States v. Fitch,* 282 F.3d 364, 366 (6th Cir.2002).

In the instant case, we find that the Government did not breach its obligations under the plea agreement to Trujillo and that the district court did not err in imposing an eighty-three month sentence of imprisonment upon him. Accordingly, we affirm.[2]

█ Trujillo argues that the downward departure provision of his plea agreement was illusory, unenforceable, and violative of his due process rights. However, contrary to his implication, Trujillo received consideration and a substantial concession from the Government by entering into the plea agreement, *i.e.,* the Government withdrew the 21 U.S.C. § 851 notice of prior felony enhancement which, had it not been withdrawn, would have subjected him to a mandatory minimum ten year sentence. Moreover, Trujillo has failed to cite to any portion of the record which would substantiate his argument that the district court was confused when it sentenced him or that the district court presumed that he

**2.** The Government argues that Trujillo has waived his right to have this Court consider his claims because he failed to object to the district court's decision not to require it to file a downward departure motion before the sentencing hearing and because he failed to assert to the district court that the provisions of his plea agreement were illusory. Thus, to

the extent that this Court considers Trujillo's appeal, the Government asserts that the Court should do so invoking a plain error standard of review. However, because Trujillo's claimed errors fail under any standard of review, the Court need not determine whether Trujillo has waived his arguments on appeal by failing to present them to the district court.

had somehow breached his obligations under the plea agreement.

■ As for Trujillo's argument that the Government breached its obligations under the plea agreement by refusing to file a § 5K1.1 motion and/or by failing to determine, at the time of the sentencing hearing, whether he had provided substantial assistance, the Court finds *United States v. Lukse*, 286 F.3d 906 (6th Cir.2002)(*i.e.*, the case primarily relied upon by Trujillo), to be distinguishable. Unlike the plea agreement involved in *Lukse*, the Government never agreed that it would inform the district court of the nature of Trujillo's assistance and cooperation at the time of sentencing.

More importantly, unlike the plea agreement in *Lukse*, the instant plea agreement provided that the Government would *either* file a § 5K1.1 motion *or* move for a Rule 35(b) reduction post sentencing if it deemed Trujillo's assistance to be substantial. Thus, although a downward departure motion has not yet been filed by the Government, one may be forthcoming in the future. In fact, Trujillo's counsel represented to the district court at the sentencing hearing that he had informed Trujillo that a Rule 35(b) reduction was still available because the prosecutor had advised him that the Government was "still in the process of pursuing some of the information...." J.A. 56. Accordingly, because the Government may still move for a reduction in Trujillo's sentence under Rule 35(b) within one year of his sentencing, we find that the Government has not breached any obligation(s) imposed upon it by the plea agreement.[3]

**3.** If the Government does not, within one year, either move for a reduction in Trujillo's sentence pursuant to Rule 35(b) or inform the district court of the reason(s) why it is not

## III.  CONCLUSION

Accordingly, for the reasons set forth above, we **AFFIRM** the judgment and the sentence imposed upon Trujillo by the district court.

moving for a Rule 35(b) reduction, Trujillo may file a petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.