NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0559n.06
Filed: August 8, 2007

No. 06-5257

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| FRANCISCO RAUL CHAVEZ, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS, Chief Judge; ROGERS, Circuit Judge; and CALDWELL, District
Judge[*]

**Rogers, Circuit Judge.** Francisco R. Chavez appeals the ten-year mandatory minimum sentence imposed by the district court following his guilty plea to violating 21 U.S.C. §§ 841(A)(1) and 846 for conspiracy to manufacture 1,000 or more marijuana plants. Chavez argues that his plea was not knowing and voluntary because the Government led him to believe that it would make the substantial assistance motion but that then failed to do so. Chavez's plea, however, was knowing and voluntary, because he was made well aware of the possibility that the Government would not make a substantial assistance motion. Furthermore, this court is limited by circuit precedent to

_____

[*]The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

reviewing the Government's decision regarding the motion for unconstitutional motives and Chavez has alleged none. We affirm the judgment of the district court.

Chavez pleaded guilty to violating 21 U.S.C. §§ 841(A)(1) and 846 for conspiracy to manufacture 1,000 or more marijuana plants. Chavez was caught fleeing a marijuana cultivation site located within Cherokee National Forest in Polk County, Tennessee. Following his arrest, Chavez admitted his involvement in the marijuana cultivation operation and told authorities that he and his codefendant were working for Chavez's cousin, Alejandro Chavez, who had solicited Chavez's help. Chavez also told authorities about his co-defendant's role in the operation. At the time of sentencing, the Government had not yet located Alejandro Chavez.

Chavez entered his plea within two months of his arrest and the Government agreed to the dismissal of two other counts in the indictment. The plea agreement between Chavez and the Government provided for a potential three-level reduction of his offense level for acceptance of responsibility. The agreement also provided for the possibility of a departure:

> If, in the view of the United States, Mr. Chavez renders substantial assistance to the United States, at the time of sentencing the United States may recommend to the Court that he receive a downward departure from the sentencing guidelines range pursuant to Section 5K1.1 of the Federal Sentencing Guidelines and/or below any mandatory minimum pursuant to 18 U.S.C. § 3553(e), but the United States will be under no obligation to do so.

The Government retained sole discretion to determine whether Chavez provided substantial assistance and, therefore, whether he was entitled to a departure for substantial assistance. During

the plea colloquy, the district court told Chavez that it was up to the Government to determine whether Chavez provided substantial assistance and that the Government could decide not to move for the departure. Chavez stated that he understood this. The district court also asked whether Chavez understood that he was bound by the plea agreement regardless of the Government's decision to move for a downward departure. Again, Chavez stated that he understood. Chavez also stated that he had not been promised anything other than what was in the plea agreement.

The district court sentenced the defendant on February 6, 2006. Pursuant to the terms of the plea agreement, the district court granted Chavez a three-level reduction for acceptance of responsibility. However, the Government did not move pursuant to § 5K1.1 of the Guidelines for a downward departure from the Guidelines range nor did it move pursuant to § 3553(e) for a sentence below the statutory mandatory minimum sentence. During a sidebar discussion, the Government maintained that Chavez's assistance did not amount to substantial assistance, apparently because Chavez's information had not led to the arrest or prosecution of Alejandro Chavez. The Government also pointed out that Chavez was not testifying against his codefendant and that some of the information Chavez provided was inconsistent with what the Government knew the facts to be.

Defense counsel argued that, although Chavez's information had not led to an arrest or prosecution, Chavez had provided assistance in the investigation and that, under the plea agreement, this assistance was sufficient for a substantial assistance departure. According to defense counsel, it was up to the Government to make the most of Chavez's information, the Government's failure

to catch Alejandro Chavez was not the defendant's fault, and it was up to the Government to "gather the fruits" for which defendant had "tilled the soil." Chavez attempted to withdraw his plea, arguing that the Government led him to believe that it would ask for the departure and that the availability of the departure was the only reason he agreed to plead guilty.[1] The district court did not allow Chavez to withdraw his plea, pointing out that the attempt came too late and that Chavez was aware of the ten-year minimum sentence at the time he pleaded guilty.

The district court sentenced Chavez to the ten-year mandatory minimum sentence. Chavez timely appeals.

This court reviews the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). The district court's interpretation of the Sentencing Guidelines is reviewed do novo. *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000).

Chavez's plea was knowing and voluntary because he was aware of the fact that the plea agreement gave the Government sole discretion to determine whether Chavez provided substantial assistance. A defendant may withdraw a guilty plea "after the court accepts the plea, but before it

---

[1]Because Chavez was subject to a mandatory minimum sentence of ten years, the district court's ability to sentence Chavez below the ten-year minimum was tied to the Government's making a motion in the district court based on Chavez's substantial assistance. 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.").

imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). However, Rule 11 does not "allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *Ellis*, 470 F.3d at 280-81 (internal quotation marks omitted).

Chavez concedes that the district court's Rule 11 plea colloquy was adequate. However, Chavez maintains that his guilty plea was not knowing and voluntary because the portion of the plea agreement addressing a substantial assistance departure referred him to USSG § 5K1.1, which provides that "upon motion of the government stating that a defendant has provided substantial assistance in the *investigation or prosecution* of another person who has committed an offence, the court may depart from the Guidelines." (emphasis added).[2] Because § 5K1.1 mentions both investigation and prosecution, Chavez maintains that this led him to believe that the information he provided to law enforcement was sufficient for a downward departure because the information amounted to substantial assistance in the investigation, and if the information was not sufficient for prosecution, he should have been put on notice.

---

[2]Although Chavez's brief focuses on USSG § 5K1.1, a motion by the Government pursuant to 18 U.S.C. § 3553(e) was the *only* way the district court could depart from the statutory mandatory minimum sentence. *See Melendez v. United States*, 518 U.S. 120, 125-26 (1996) (holding that § 3553(e) is the exclusive means by which a district court can sentence a defendant to less than a mandatory minimum sentence); *United States v. McIntosh*, 484 F.3d 832, 835 (6th Cir. 2007). However, for present purposes, the difference is immaterial because the relevant language in § 3553(e) and § 5K1.1 is identical in relevant respects—both require the Government to move for a departure and both require a determination that the defendant rendered substantial assistance in the "investigation or prosecution."

Chavez cannot prevail because, as evidenced by the language in the plea agreement and the district court's efforts during the plea colloquy, Chavez was well aware of the fact that the Government retained sole discretion to determine whether Chavez's assistance amounted to substantial assistance entitling him to a substantial departure motion. Although Chavez maintains that he wanted to withdraw his plea because he did not think he was getting what he bargained for, in reality, his desire to withdraw his plea stems from the fact that, from his perspective, he made a bad bargain. This does not entitle him to withdraw his plea.

Finally, because Chavez is not alleging that the Government was motivated by unconstitutional considerations when it refused to file the substantial assistance motion, we cannot review the decision by the Government not to file the motion. Prior decisions of this court make it clear that review of the Government's refusal to file a substantial assistance motion is limited to review for unconstitutional motives. *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000); *United States v. Lukse*, 286 F.3d 906, 911 (6th Cir. 2002).[3] Although Chavez highlights the fact that members of this court criticized our limited review of refusals to file substantial assistance motions, *see United States v. Hawkins*, 274 F.3d 420, 429-31 (6th Cir. 2001), the law of this circuit is nonetheless clear, *id.* at 428.

---

[3]Again, although Chavez's brief focuses on USSG § 5K1.1, the same limited review applies to the Government's refusals to file substantial assistance motions generally. *See, e.g.*, *Wade v. United States*, 504 U.S. 181 (2002); *United States v. Wallace*, 1994 WL 198190, at *3-4 (6th Cir. May 19, 1994) (unpublished); *see also McMullin v. United States*, 1996 WL 671382, at *2 (6th Cir. Nov. 19, 1996) (unpublished); *United States v. Bagnoli*, 7 F.3d 90, 91-92 (6th Cir. 1993); *United States v. Valentin*, 131 F. App'x 892 (3d Cir. 2005).

For the foregoing reasons, we affirm the judgment of the district court.