NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0015n.06
Filed: January 8, 2008

No. 06-6448

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| KERRY LAMONT HOWARD, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, MOORE, and GILMAN, Circuit Judges.

**SILER**, Circuit Judge.  Kerry Lamont Howard appeals his conviction for conspiracy to distribute cocaine base, arguing that the United States ("Government") violated the plea agreement when it refused to move for a downward departure on the sentence under USSG § 5K1.1 ("5K motion").  For the following reasons, we AFFIRM.

**BACKGROUND**

In 2006,  Kerry Lamont Howard ("Howard") entered into a written plea agreement (the "Agreement") with the Government, in which Howard admitted to selling cocaine to an undercover informant on three occasions.  Under the terms of the Agreement, Howard pled guilty to one count of conspiracy to distribute cocaine base.  The Agreement further provided that the Government would make a 5K motion if, in its discretion, it determined that Howard provided the Government with substantial assistance in the investigation or prosecution of other crimes.  The district court

discussed the Agreement and rights with Howard at his rearraignment, after which Howard pled guilty pursuant to the Agreement.

Subsequent to Howard's guilty plea, the Government alleged that Howard refused to provide substantial assistance to the Government. After retaining new counsel, Howard agreed to assist the Government by testifying before a grand jury. The Government, however, refused this offer, citing several sources and a Government-administered polygraph indicating that Howard had attempted to kill an informant in his case. Subsequently, Howard filed a motion to withdraw his guilty plea, alleging that the Government denied him the opportunity to provide substantial assistance pursuant to the Agreement.

At Howard's sentencing hearing, the Government refused to file a 5K motion, and Howard again argued that the Government breached the Agreement. The district court denied Howard's motion to withdraw his guilty plea and set aside the Agreement. The court noted that once Howard failed the polygraph test, the Government acted within its discretion in refusing to allow Howard to testify, fearing that he would not testify truthfully. The district court then sentenced Howard to the Guideline minimum of 262 months.

## DISCUSSION

The district court's determination that the Government did not violate the Agreement is reviewed de novo. *United States v. Villareal*, 491 F.3d 605, 608 (6th Cir. 2007). There is no review for bad faith; rather, because the Agreement allows the Government to exercise discretion in deciding whether to file a 5K motion, review of the Government's decision not to file a 5K motion is limited to an examination of the Government's motives. *Id.* Unless the Government had

unconstitutional motives, it may exercise complete discretion. *Id.* ("Because [the defendant's] plea agreement explicitly grants the government 'complete discretion' to determine whether it should move for a substantial assistance departure, we may review the government's refusal only for unconstitutional motives."). As Howard did not allege that the Government acted with any unconstitutional motive, the Government did not abuse its discretion.

Howard's reliance on *United States v. Lukse*, 286 F.3d 906 (6th Cir. 2002), is misplaced. Although the plea agreement in *Lukse* appears similar to the one here, there are several key distinctions between *Lukse* and this case. In *Lukse*, the defendants provided the Government with assistance and only after receiving the defendants' assistance did the Government decide that the defendants lacked the credibility to testify at a trial. *Id.* at 909. Additionally, in *Lukse* the plea agreement bound the Government to certain parameters for determining whether the defendants provided substantial assistance. *Id.* Finding that the Government failed to act within those parameters and failed to prove that the defendants did not provide substantial assistance, we held that the Government was bound by the plea agreement and was required to file 5K motions. *Id.* at 914.

The Government was not similarly bound here. Unlike the defendants in *Lukse*, Howard did not offer any assistance before the Government determined that he lacked the credibility to testify. Further, the Agreement did not contain the same parameters as the plea agreement in *Lukse*. *See id.* at 912. Here, the determination of whether Howard provided substantial assistance was within the sole discretion of the Government. As the Government determined Howard did not render substantial assistance, it did not abuse its discretion in declining to file a 5K motion on Howard's

No. 06-6448
United States v. Howard

behalf, and the district court properly denied Howard's motion to withdraw his plea and set aside the

Agreement.

      AFFIRMED.