**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0434n.06

No. 13-5800

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jun 16, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JONATHAN C. HUGUELY, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS, COLE, and McKEAGUE, Circuit Judges.

PER CURIAM. Jonathan C. Huguely appeals the district court's judgment of conviction and sentence.

Pursuant to a plea agreement, Huguely pleaded guilty to conspiracy to distribute crack cocaine and possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced him to the statutory mandatory minimum term of 120 months for the crack-cocaine conviction, *see* 21 U.S.C. § 841(b)(1)(B)(iii), to run concurrently with a 30-month term for the cocaine conviction.

On appeal, Huguely makes the following arguments: (1) imposition of the statutory mandatory minimum sentence violated his due-process and equal-protection rights; (2) the mandatory minimum sentence conflicts with the parsimony provision set forth in 18 U.S.C. § 3553(a); (3) the government breached the plea agreement by refusing to move for a downward departure from the mandatory minimum sentence on account of his substantial assistance; and

(4) the mandatory minimum sentence violates separation-of-powers principles. We review de novo constitutional challenges to criminal statutes. *United States v. Ostrander*, 411 F.3d 684, 694 (6th Cir. 2005).

The district court's imposition of the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) did not deny Huguely due process or violate his equal-protection rights. *See United States v. Blewett*, 746 F.3d 647, 658 (6th Cir. 2013) (en banc), *cert. denied*, 134 S. Ct. 1779 (2014); *United States v. Wimbley*, 553 F.3d 455, 463 (6th Cir. 2009); *United States v. Pickett*, 941 F.2d 411, 418 (6th Cir. 1991). In addition, we have previously rejected the arguments that mandatory minimum sentences conflict with the parsimony provision in § 3553(a), *see United States v. Marshall*, 736 F.3d 492, 500–01 (6th Cir. 2013), and violate separation-of-powers principles, *see United States v. Cecil*, 615 F.3d 678, 696 (6th Cir. 2010).

Finally, whether reviewed de novo or for plain error, *see United States v. Swanberg*, 370 F.3d 622, 627 (6th Cir. 2004), Huguely's claim that the government breached the plea agreement fails. Under the terms of the agreement, the government would move for a downward departure from the mandatory minimum sentence if Huguely provided substantial assistance, unless he committed another crime, obstructed justice, or violated a court order. The government retained discretion to determine whether Huguely provided substantial assistance and otherwise qualified for the motion. Because Huguely admitted that he committed two misdemeanor offenses, the government was not obligated to move for a downward departure, and Huguely has not alleged that the government's decision to withhold the motion was based on unconstitutional motives, *see United States v. Lukse*, 286 F.3d 906, 911 (6th Cir. 2002).

Accordingly, we affirm the district court's judgment.