[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13728
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00510-KKD-CSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SONYA MICHELLE PITTMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 20, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Sonya Michelle Pittman appeals her 20-year sentence, imposed after pleading guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  On appeal, she argues that the district court plainly erred when it failed to find that the government breached her plea agreement by not filing a substantial-assistance motion under 18 U.S.C. § 3553(e).  Alternatively, Pittman asserts that the district court plainly erred by failing to require the government to definitively state that it was exercising its discretion to not file a substantial-assistance motion in her case.  For the reasons that follow, we affirm.

## I.

In 2014, a grand jury returned a four-count indictment against Pittman, charging her with (1) distribution of methamphetamine (Count 1), in violation of 21 U.S.C. § 841(a)(1); (2) possession with the intent to distribute methamphetamine (Count 2), 21 U.S.C. § 841(a)(1); (3) possession of a firearm in furtherance of a drug trafficking crime (Count 3), 18 U.S.C. § 924(c)(1)(A)(i); and (4) being a felon in possession of a firearm (Count 4), 18 U.S.C. § 922(g)(1).

The government filed a Notice of Information pursuant to 21 U.S.C. § 851, indicating its intent to use Pittman's prior felony-drug conviction as a basis for

2

seeking increased punishment for the drug offense charged in Counts 1 and 2. It attached a criminal judgment stating that in 2006 Pittman was convicted of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 2l U.S.C. § 841(a)(1) and 846. Pittman and the government entered into a plea agreement in which Pittman agreed to plead guilty to Count 2.

The parties filed a sealed addendum to the plea agreement that memorialized and contained Pittman's cooperation agreement with the government. The plea agreement addendum stated, in relevant part,

> Should Defendant complete the obligations contained within the Cooperation Agreement as set forth herein, the Government will move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1 .1 and Title 18, United States Code, Section 3553(e), to reflect Defendant's substantial assistance. Determination of whether Defendant has met the obligations to qualify for a reduction pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e), is at the sole discretion of the United States.

The addendum recognized that Pittman had been interviewed by law enforcement "in an attempt to provide substantial assistance." As set forth in the addendum, the cooperation agreement stipulated that Pittman was required to

> cooperate fully and testify truthfully against any and all persons as to whom Defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. Defendant understands that this agreement requires Defendant to be truthful and to testify truthfully whenever called upon. Defendant agrees to be available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions

3

asked of Defendant by law enforcement officers and attorneys for the Government.

[Defendant was also required to] fully and truthfully disclose to the Government everything Defendant knows about any and all documents and materials in Defendant's possession that relate to the violations charged in the Indictment and any other criminal violations in the Middle District of Alabama and elsewhere. Defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

And the agreement expressly warned that if Pittman "failed or should fail in any way to fulfill completely [her] obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to [Pittman], without [her] being allowed to withdraw the guilty plea." Neither the addendum nor the cooperation agreement within it stipulated that the government would be required to make a determination on the record as to whether Pittman fulfilled her required obligations. Pittman and her attorney both signed under an acknowledgement that they had read and understood the addendum.

Pittman pled guilty to Count 2 at a change-of-plea hearing before the magistrate judge. During the plea colloquy, Pittman confirmed that she had fully read the plea agreement, discussed it with her attorney, and understood its terms. The magistrate judge explained that the maximum punishment ranged from ten years' imprisonment to life, but because Pittman had a prior felony-drug conviction, the term of imprisonment increased to a minimum mandatory period of 20 years.

In the Presentence Investigation Report ("PSR"), the probation officer calculated that Pittman had a total offense level of 34 and a criminal history category of VI because two prior drug convictions (one state and one local) qualified her as a career offender. Based on these findings, Pittman's advisory guidelines range was 262 to 327 months' imprisonment. The statutory minimum term of imprisonment was 20 years, with a maximum of life.

Pittman filed a sentencing memorandum, asserting that, while she understood that she had been designated a "career offender," her criminal history was "overstated" and warranted a downward variance. She requested that the district court impose a sentence of no more than 60 months.

In response, the district court directed Pittman to file an addendum to her sentencing memorandum citing authority for her requested variance, given the 240-month mandatory minimum sentence in her case. Pittman filed a response in which she argued that "at the time her Sentencing Memorandum was filed she was hopeful and expectant that the government was going to file a motion for a downward departure pursuant to U.S.S.G. Section 5K1.1 for substantial assistance." In support of her position, Pittman contended that she had cooperated with law enforcement, providing information and assistance that she believed qualified for such a motion.

At sentencing, Pittman withdrew a previously made objection to a firearm enhancement in her criminal history and stated that she had no other objections to the calculation of her advisory guidelines range. When the district court asked if "there was anything else [she] would like to present," Pittman declined. Throughout the sentencing, neither Pittman nor the government even mentioned any alleged cooperation or substantial assistance on Pittman's part, and the district court did not ask about it.

The district court sentenced Pittman to 20 years' imprisonment, stating,

> Well, I have considered the guidelines in this case. But the mandatory minimum is 20 years, and that's what I'm going to impose. I would state for the record that if I had discretion, I would not impose that. I feel that that is extremely too high, even though she does have a significant criminal history and has repeatedly engaged in distribution of meth, which is a scourge to our community. I do feel the 20 years is unreasonable in this situation.

Pittman raised no objections to the sentence as pronounced.

## II.

Though the subject of cooperation and substantial assistance was never raised by anyone at Pittman's sentencing, Pittman now asserts that the government breached her plea agreement in two ways. First, she argues that the government breached the terms of her plea agreement when it did not move at sentencing for a downward departure. And second, she complains that the government never

indicated at sentencing that it had determined whether Pittman had fulfilled her obligations under the cooperation agreement, as required by the agreement.

Generally, we review de novo whether the government has breached a plea agreement. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008). But where, as here, a defendant failed to raise the issues before the district court, we review for plain error. *Id.*

To establish plain error, the defendant bears the burden to show (1) an error (2) that is plain and (3) that affected her substantial rights. *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013). If the defendant satisfies her burden, we may exercise our discretion to correct the error if it (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Because we find that Pittman cannot meet the first prong, we need not examine the rest.

The first prong requires a showing of some "defect—some sort of deviation from the legal rule—that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant." *Puckett v. United States*, 556 U.S. 129, 135 (2009). An error is not plain unless it is contrary to an explicit statutory provision or on-point precedent from our Circuit or the United States Supreme Court. *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013); *Puckett*, 556 U.S. at 135 ("the legal error must be clear or obvious, rather than subject to reasonable dispute.").

A plea agreement is essentially a contract between the government and a criminal defendant. *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). As a result, when determining whether the government breached a plea agreement, we consider whether the government acted inconsistently with what the defendant reasonably understood the government to have promised when the plea deal was made. *See United States v. Sosa*, 782 F.3d 630, 637 (11th Cir. 2015). Material promises underlying a plea agreement are binding on the government. *Id.*

We examine a plea agreement in two steps. *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004). First, we determine whether the language of the plea agreement is ambiguous. *Id.* at 1106. Ambiguities in a plea agreement should be read against the government. *Id.* at 1105-06. But if the language is clear, we consider only "the unambiguous meaning of the language in the agreement." *Id.* at 1106. That being said, we do not accept a "hyper-technical reading of the written agreement" or "a rigidly literal approach in the construction of the language." *Id.* at 1105. Instead, we read plea agreements as a whole. *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) (rejecting a defendant's interpretation of a term in their plea agreement as inconsistent with other provisions of the agreement).

Second, depending on our interpretation of the agreement's language, we decide whether to enforce the agreement. *Copeland*, 381 F.3d at 1106. If the government has breached the plea agreement, we may remedy the breach by

ordering specific performance of the agreement.  *United States v. Symington*, 781 F.3d 1308, 1313 (11th Cir. 2015).

Here, Pittman has failed to show any error has occurred.  With respect to Pittman's argument that the government breached the plea agreement by failing to file a motion for downward departure, the language in the plea agreement and addendum is unambiguous.  Under the addendum, the government retained "sole discretion" to determine whether Pittman met her obligations under the plea agreement's terms.  We agree with Pittman that the language in the addendum that the government "will move at sentencing for a downward departure" required the government to move for downward departure if Pittman completed the obligations set forth in the cooperation agreement.  But significantly, the language also provides that the government is the sole arbiter of whether Pittman has completed her obligations under the cooperation agreement.

Section 3553(e) specifically provides that a sentencing court may impose a sentence below the statutory minimum only "[u]pon motion of the Government." 18 U.S.C. § 3553(e).  And we have stated that a government's decision not to file a § 3553(e) motion is unreviewable, absent an allegation that the government based its decision upon an unconstitutional motion, such as race.  *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993).  Pittman has made no such argument, and we cannot review the government's decision.

Pittman's second argument is that the government failed to satisfy its duty to determine whether Pittman had fulfilled her obligations under the cooperation agreement.  But even if we were to assume error in the district court's failure to require the government to state on the record whether it had determined whether Pittman fulfilled her responsibilities under the cooperation agreement,[1] we could find no plain error.  Pittman has not pointed to any controlling caselaw that required the government to express orally or in writing that it had exercised its discretionary authority to determine that she had not fulfilled her obligations.  Rather, Pittman urges this Court to adopt the reasoning from the Sixth Circuit in *United States v. Lukse*, 286 F.3d 906 (6th Cir. 2002), which found that the government had not met its burden to show that the defendants had breached their plea agreements.

First, that case is not controlling, so it cannot establish plain error.  *Hoffman*, 710 F.3d at 1232.  But second, *Lukse* is distinguishable, regardless, on the facts.  In *Lukse*, the government admitted that the defendants had provided some substantial assistance and yet openly claimed that it had not made a determination regarding whether the defendants had satisfied their duties with respect to certain parts of the plea agreement.  *Luske*, 286 F.3d at 911, 913.  Thus, the Sixth Circuit ruled that "government failed to meet its burden of proving the Appellants' breaches before

---

[1] We make no finding one way or the other because we need not do so.

declining to honor the obligations set forth in the plea agreements." *Id.* at 913. This is not the case here. Furthermore, the Sixth Circuit acknowledged that "[i]mportantly, neither we, nor any of our sister Circuits have required formal findings by the government on their assessment of whether substantial assistance has been rendered." *Id.* at 912. For these reasons, Pittman has not established plain error with respect to her second argument.

## III.

We affirm Pittman's sentence.

**AFFIRMED.**