**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0736n.06

**No. 12-5564**

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS** **FOR THE SIXTH CIRCUIT** | | **FILED** Aug 08, 2013 DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,                    )
                                             )
        Plaintiff - Appellee,               )
                                             )
                v.                           )
                                             )   ON APPEAL FROM THE
WILLIAM H. LONG,                             )   UNITED STATES DISTRICT
                                             )   COURT FOR THE EASTERN
        Defendant - Appellant.              )   DISTRICT OF TENNESSEE
                                             )

BEFORE:  KEITH, CLAY, and KETHLEDGE, Circuit Judges.

**DAMON J. KEITH, Circuit Judge**.  William H. Long appeals the 135-month sentence he received after pleading guilty to nineteen counts of extortion under color of right, 18 U.S.C. § 1951, six counts of money laundering, 18 U.S.C. § 1956(a)(3)(A), one count of providing a firearm and ammunition to a convicted felon, 18 U.S.C. § 922(d), and one count of possession with intent to distribute over five kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A).[1]  Long claims that the Government's refusal to file a substantial assistance motion on his behalf was unconstitutional.  He also appeals the procedural and substantive reasonableness of his sentence.  For the reasons detailed below, the district court's judgment is affirmed in its entirety.

---

[1] This is Long's second appeal to the Sixth Circuit.  His first sentence was vacated as procedurally unreasonable and remanded to recalculate his base offense level.  *See generally United States v. Long*, 457 F. App'x 534 (6th Cir. 2012).

## I.       Background

On February 28, 2008, a federal grand jury returned a twenty-eight count indictment against William "Billy" Long, the elected Sheriff of Hamilton County, Tennessee. Pursuant to a sealed plea agreement, Long pleaded guilty to the first twenty-seven counts. His case stemmed from a reverse sting operation by the Federal Bureau of Investigation (FBI) that lasted from April 2007 to February 2008. The Presentence Investigation Report described Defendant's preexisting relationship with Eugene Overstreet, the FBI's cooperating witness ("CW"). Overstreet went on to wear an audio/video recording device on his person, which captured Defendant perpetrating the crimes to which he pleaded guilty. He perpetrated these crimes while acting in his official capacity as county sheriff.

## II.      U. S. Sentencing Guideline § 5K1.1 Motion for Substantial Assistance

Pursuant to the plea agreement, the Government consented to filing a substantial assistance motion if, in its assessment, it concluded that Defendant had provided substantial assistance. In a memorandum, it concluded that Defendant had not because: (1) third-party assistance provided on Defendant's behalf was disproportionate to Defendant's crimes and created a conflict of interest, (2) Defendant had no personal knowledge of information he claimed was relevant to a separate corruption case, and (3) defense counsel's prior treatment of Overstreet, a potential witness in the other corruption case. Defendant filed motions to compel the Government to file the substantial assistance motion, alleging unconstitutional motive. The district court denied the motions upon the

finding that the Government had legitimate and rational reasons for finding Defendant's assistance insubstantial.

Defendant appeals the district court's factual finding that the Government did not harbor an unconstitutional motive in refusing to file a § 5K1.1 substantial assistance motion in violation of *Wade v. United States*, 504 U.S. 181 (1992). Specifically, he alleges that the Government sought to retaliate against him for exercising his Sixth Amendment rights to the effective assistance of counsel and confrontation. As evidence he submits the Government's memorandum, which lambasts defense counsel's choice to disclose Overstreet's informant status and attack his credibility during a press conference as inconsistent with substantial assistance. Defense counsel's behavior was one of three reasons the Government cited for refusing to file the motion. A district court's interpretation and application of the U.S. Sentencing Guidelines is reviewed *de novo* while its factual findings underlying the application of the Guidelines are reviewed for clear error. *United States v. Hawkins*, 274 F.3d 420, 426 (6th Cir. 2001). We find clear error when a review of the entire record leaves us with a "definite and firm conviction that a mistake has been committed." *United States v. Lalonde*, 509 F.3d 750, 763 (6th Cir. 2007) (internal quotation and citation omitted). We are not left with such a conviction here.

Section § 5K1.1 of the Sentencing Guidelines allows a sentencing court to depart below the advisory range if the government files a motion indicating that a defendant has provided them with substantial assistance in the investigation or prosecution of another person who has committed a crime. U.S. Sentencing Guidelines Manual § 5K1.1, cmt. nn. 1–2. In *Wade*, the Supreme Court held that Section § 5K1.1 "gives the Government a power, but not a duty, to file a motion when a

defendant has substantially assisted." *Wade*, 504 U.S. at 185. However, "federal district courts have authority" to review and grant relief if a prosecutor's refusal to file a substantial assistance motion is based on an unconstitutional motive. *Id*. at 185–86. For relief, a defendant must make "a substantial threshold showing." *Id*. at 186. This is the only Supreme Court case to address this matter.[2]

Defendant contends that the Government has an unconstitutionally vindictive motive in violation of the Sixth Amendment because one of the three reasons the Government refused to file was Defendant's act of publicly disclosing Overstreet's informant status and attacking his credibility. "[W]hile an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right." *United States v. Goodwin*, 457 U.S. 368, 372 (1982).

There are two ways in which a defendant can prove prosecutorial vindictiveness. In this case, Defendant has the burden of proving actual prosecutorial vindictiveness. *Alabama v. Smith*, 490 U.S. 794, 799 (1989). To prove actual vindictiveness, a defendant must present objective evidence that the prosecutor's decision was "motivated by a desire to punish him for doing something that the law plainly allowed him to do." *Goodwin*, 457 U.S. at 384. To prevail on appeal, Defendant must present evidence that leaves us firmly convinced that the district court was mistaken in its factual

---

[2] Sixth Circuit precedent is unclear on how to approach a *Wade* claim beyond holding that appellate review is limited *only* to whether the Government had an unconstitutional motive in refusing to file a substantial assistance motion and does not permit review of the Government's decision for any other reason. *See United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002).

finding that the Government was not unconstitutionally motivated in its refusal. Defendant has not presented such evidence.

In *Bordenkircher v. Hayes*, 434 U.S. 357 (1978), the Supreme Court reviewed the motives behind a prosecutor's charging decision. Its reasoning, nevertheless, is instructive here because both a charging decision and the decision whether to file a § 5K1.1 motion are largely discretionary and this discretion is given considerable deference. *Compare Bordenkircker*, 343 U.S. at 364 ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute . . . what charge to file or bring before a grand jury [] generally rests entirely in his discretion.") *with Wade*, 504 U.S. at 185 ( "[T]he Government [has] a power, not a duty, to file a motion when a defendant has substantially assisted.") *and* U.S. Sentencing Guidelines Manual § 5K1.1, cmt. n.3. ("Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance . . . ."). The *Bordenkircher* Court held that the defendant failed to prove actual vindictiveness when the government made good on a threat to indict a defendant with an additional charge punishable by life imprisonment if he refused to plea. *Id*. at 358–59. "[S]o long as the accused is free to accept or reject the prosecution's offer[,]" the Court held, "discouraging [] the defendant's assertion of his trial rights" is "an inevitable and permissible" part of the plea bargaining process. *Id*. at 363, 364 (internal punctuation omitted).

In addition to defense counsel's behavior, the Government proffered other reasons for refusing to file the motion: the lack of proportionality between Defendant's crimes and the third-party assistance provided on his behalf; the conflict of interest apparent in accepting the third-party assistance; and Defendant's lack of personal knowledge of any events relevant to a separate case.

The district court found the first reason was rational and legitimate because Defendant pleaded to twenty-seven offenses—including nineteen counts of extortion, six counts of money laundering, and one count of drug trafficking—while the third-party assistance only secured a state misdemeanor offense—involving half an ounce of marijuana and three prescription pills worth about $120. The district court reasoned the conflict of interest was rational and legitimate because the third party assistance was provided to Defendant's former employer before the federal government agreed to the third party assistance. Finally, Defendant does not dispute the Government's characterization that he lacks personal knowledge of events relevant to a separate case. For these reasons, we are not firmly convinced that the district court was mistaken in concluding that the Government's refusal was not based on actual vindictiveness for any action taken by defense counsel rather than "its rational assessment of the cost and benefit that would flow from moving." *Wade*, 504 U.S. at 187. *Cf. Goodwin*, 457 U.S. at 380 n.11 ("A charging decision does not levy an improper 'penalty' unless it results solely from the defendant's exercise of a protected legal right, rather than the prosecutor's normal assessment of the societal interest in prosecution.").

## III.     Reasonableness of the Sentence

Defendant challenges the reasonableness of his sentence. Defendant's calculated advisory Guideline range was 135–68 months. The district court imposed concurrent terms of 135 months for each of his extortion, money laundering, and drug trafficking offenses and 120 months for providing a firearm to a convicted felon. The terms were at the bottom end of Defendant's advisory range. We review a district court's sentencing determination "under a deferential abuse-of-discretion standard for reasonableness." *Lalonde*, 509 F.3d at 769 (quoting *Gall v. United States*, 552 U.S. 38,

128 S.Ct. 586, 591 (2007)) (internal quotations omitted). This review contains both a procedural and a substantive component, addressing the former first and then the latter. *Id*. After a thorough review of the record, we affirm Defendant's sentence.

Defendant claims the district court committed procedural error by failing to explain its rejection of his military service and loss of pension as mitigating factors. There are three steps in our procedural reasonableness review, ensuring that the district court:

> (1) properly calculated the applicable advisory Guidelines range; (2) considered the § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the chosen sentence, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.

*United States v. Petrus*, 588 F.3d 347, 351–52 (6th Cir. 2009).

Defendant does not assert that the district court improperly calculated the advisory range. Step two was properly executed: the district court stated that it had reviewed all the material provided by Defendant and at sentencing Defendant presented argument on his military service and loss of pension. Step three was properly executed as well. It is apparent from the context and the record that Long's status as a public official was an aggravating factor that overshadowed his mitigating factors. Thus, the record does not reveal any procedural error. *See United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009) ("A less lengthy explanation will suffice for a within-Guidelines sentence when 'the record makes clear that the sentencing judge considered the [defendant's] evidence and arguments.")(quoting *Rita v. United States*, 551 U.S. 338, 359 (2007)).

On appellate review, sentences imposed within a properly calculated Guidelines range are afforded a rebuttable presumption of reasonableness. *United States v. Benson*, 591 F.3d 491, 500

(6th Cir. 2010); *see also United States v. Smith*, 358 F. App'x 634, 639 (6th Cir. 2009)).  Defendant cannot rebut the presumption of reasonableness by alleging that a sentence lower than the one at the bottom end of his advisory range would have been sufficient to meet the statutory sentencing goals. *See United States v. Dexta*, 470 F.3d 612, 616 (6th Cir. 2006) ("[Defendant's] mere allegation that the sentence imposed is greater than necessary to achieve the goals of punishment outlined in §3553(a) is insufficient to rebut the presumption of reasonableness.").

## IV.    Conclusion

For the foregoing reasons, Defendant's sentence is affirmed in its entirety.