NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0246n.06

Case No. 18-5059

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|     Plaintiff-Appellee, | ) | May 08, 2019 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| PAUL WOODS, III, | ) | THE MIDDLE DISTRICT OF |
|  | ) | TENNESSEE |
|     Defendant-Appellant. | ) |  |

Before: MERRITT, KETHLEDGE, and NALBANDIAN, Circuit Judges.

**MERRITT, Circuit Judge.** This is an appeal from a district court judgment denying a motion to compel the United States Attorney's Office for the Middle District of Tennessee to file a sentencing reduction motion on behalf of defendant, Paul Woods, pursuant to Federal Rule of Criminal Procedure 35(b)(2).[1] Generally, it is incumbent upon the United States Attorney for the

---

[1] Federal Rule of Criminal Procedure 35(b) states:

    (b) Reducing a Sentence for Substantial Assistance.

    (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

    (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

        (A) information not known to the defendant until one year or more after sentencing;

        (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

district where a defendant was sentenced to file a substantial assistance motion seeking a sentence reduction under Rule 35. The Rule explicitly states in both (b)(1) and (b)(2) that any sentence reduction for substantial assistance originates "[u]pon the government's motion." Rule 35(b)(2) establishes a framework for modifying a sentence of an individual who has provided "substantial assistance" to the government more than a year after initial sentencing, which is the case here.

Defendant contends that the government promised to file a motion pursuant to Rule 35 for his substantial assistance in a criminal prosecution in the Eastern District of Kentucky. Defendant raises three arguments in support of that motion. First, he argues that the government bargained away its discretion to decide whether to file a Rule 35 motion when the prosecutor from the Eastern District of Kentucky promised defendant that the motion would be filed in exchange for his rebuttal testimony in a prison murder case prosecuted in the Eastern District of Kentucky. Second, defendant argues that he has made a substantial threshold showing that the government's decision not to file a Rule 35 motion was based on an unconstitutional motive, in this case in retaliation for his filing of a § 2255 motion. And third, defendant argues that the decision not to file the motion was not rationally related to any legitimate government interest.

We affirm the district court's denial of defendant's motion to compel the government to file a Rule 35 motion. The district court's factual finding that the government did not "bargain away" its discretion is not clearly erroneous. As to defendant's argument that the failure to file the motion was based on an "unconstitutional motive," defendant has produced no evidence to support that allegation. The government has consistently provided a legitimate, nondiscriminatory

---

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

(3) Evaluating Substantial Assistance. In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

reason for declining to file a Rule 35 motion on defendant's behalf due to defendant's conduct during his own proceedings in the Middle District of Tennessee.

**I.**

This case has a long and twisting procedural history and has been before multiple district court judges in the Middle District of Tennessee and two previous panels of this court. The essential facts and history concerning our holding are related below, but a full recitation can be found in the district court's thorough opinion denying the motion to compel. *United States v. Woods*, No. 3:98-cr-00159-7, 2018 WL 317430 (M.D. Tenn. Jan. 8, 2018).

In 1998, defendant was charged with and pled guilty to drug trafficking and money laundering charges. He was sentenced to life imprisonment on the drug trafficking count, and to a concurrent sentence of 20 years on the money laundering count. We dismissed his direct appeal based on an appeal waiver provision in his plea agreement. *United States v. Woods,* No. 01-5726 (6th Cir. Feb. 4, 2002). Defendant subsequently filed a post-conviction petition for relief pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel. The district court denied the motion, *Woods v. United States*, No. 3:03-cv-00094 (M.D. Tenn. Apr. 19, 2007), and we affirmed. *Woods v. United States*, 398 F. App'x 117 (6th Cir. 2010).

In 2011, while incarcerated in Kentucky, defendant was a witness for the prosecution at a trial in the Eastern District of Kentucky of his former cellmate, Dwaune Gravley, a violent felon and the head of a violent prison gang who was charged with the murder of another inmate in the prison. Defendant contends that the prosecutor in the Gravely murder trial, Assistant United States Attorney Patrick Molloy of the Eastern District of Kentucky, promised defendant that he would file a substantial assistance motion seeking a sentence reduction pursuant to Rule 35(b) in exchange for defendant's rebuttal testimony against Gravely. After the trial was over and Gravely

had been convicted, Molloy made a request to Sunny Koshy, an Assistant United States Attorney for the Middle District of Tennessee, where defendant had been originally sentenced, to file a Rule 35(b) motion on defendant's behalf. The request was denied.

In April 2012, defendant filed the first of several motions in the Middle District of Tennessee, some filed by counsel, some filed pro se, seeking to compel the government to file a Rule 35(b) motion to reduce his sentence based on the substantial assistance he provided in the Gravley trial in the Eastern District of Kentucky in 2011. In that motion, defendant conceded that the filing of a Rule 35 motion was within the discretion of the government, but he argued that its refusal to do so was based on an unconstitutional motive, namely in retaliation for his filing of a § 2255 motion, and the decision not to file a motion was not rationally related to any legitimate government interest.

In response, the United States Attorney's Office for the Middle District of Tennessee indicated that the reason for its refusal to file a substantial assistance motion on the defendant's behalf was due to the seriousness of defendant's original crime, and ensuing misconduct by defendant during his proceedings in the Middle District of Tennessee, including: breach of his plea agreement; failure to accept responsibility; efforts to obstruct justice; perjury; making of false allegations; public safety factors; and lack of timely, full, and truthful cooperation. The district court concluded that the government's refusal to file a substantial assistance motion was not based on an unconstitutional motive, and it was rationally related to a legitimate government end. *United States v. Woods*, No. 3:98-00159, 2012 WL 12884742, at *3 (M.D. Tenn. Oct. 18, 2012). The defendant appealed, arguing for the first time on appeal that the government had "bargained away" its discretion to file a Rule 35 motion through the actions of Assistant United States Attorney Molloy in the Eastern District of Kentucky. We vacated the district court's order and remanded

the case with directions to conduct discovery and a hearing on whether the government had

"bargained away" its discretion to file a Rule 35 motion on behalf of defendant, and whether the

defendant had made the necessary threshold showing on the claim of an unconstitutional motive.

*United States v. Woods*, 533 F. App'x 594 (6th Cir. 2013).

After remand, the matter was set for hearing repeatedly over the ensuing four years, due

primarily to the fact that defendant kept firing his attorneys. A hearing eventually commenced on

December 6, 2017, in the Middle District of Tennessee. The district court heard testimony from

three witnesses: (1) former Assistant United States Attorney Patrick Molloy from the Eastern

District of Kentucky, who testified concerning defendant's assistance in the murder trial of

Dwaune Gravley that was prosecuted by Molloy in the Eastern District of Kentucky in 2011; (2)

defendant's attorney in 2011, Richard Tennent, who testified about his recollection and notes he

took leading up to the filing of the first motion to compel; and (3) defendant Woods, who gave his

version of the circumstances.

Molloy recounted his considerable experience as a career federal prosecutor, including

time as United States Attorney. During the events at issue, in 2011, Molloy was an Assistant

United States Attorney handling crimes occurring in the five federal correctional facilities located

in Kentucky. Molloy explained that in that role he frequently used inmates as witnesses and that

the inmates commonly requested Rule 35 sentencing reductions in exchange for their testimony.

Molloy testified that he had developed a three-step process for handling inmate's requests for Rule

35 motions: first, he told the inmate he would need to contact the prosecutor in the district where

the inmate was sentenced to advise the prosecutor about the assistance provided in the Eastern

District of Kentucky; second, that prosecutor would need to agree to file the motion; and third, the

sentencing judge would make the ultimate decision about whether to grant the motion and reduce

the sentence based on the inmate's assistance. Molloy stressed that he never promised a cooperating inmate that a Rule 35 motion would be filed on the inmate's behalf because it was beyond his power to make such a promise.

Molloy testified that he was involved in prosecuting two inmates, Dwaune Gravley and Daryl Milburne, for the brutal murder of a third inmate. Molloy said he called defendant to testify in the case-in-chief that when defendant and Gravely were cellmates, Gravely told defendant about ordering Milburne to kill another inmate. Molloy related that when Milburne was called to testify, however, he denied that Gravely had any involvement with the murder. Based on Milburne's testimony, Molloy needed to call defendant on rebuttal to testify that Milburne had told defendant that Milburne planned to perjure himself so as not to implicate Gravely in the murder. Gravely was convicted and Molloy said he found defendant's testimony credible, accurate and honest. Molloy also noted that defendant put himself in danger by testifying against Gravely, who would surely seek to retaliate against defendant.

Molloy said that prior to the case-in-chief, defendant repeatedly told him he was offering his testimony because he wanted to "do the right thing." Defendant also told Molloy that he did not think he was eligible for a reduction because he had a life sentence. In accordance with standard procedures, a Memorandum of Understanding, dated January 19, 2011, memorialized the first pretrial meeting between defendant and Molloy. The Memorandum said:

> that the interview was voluntary, that Woods could refuse to answer any questions or end the interview at any time, and that no promises or guarantees would be made to Woods to get his cooperation. Woods was advised that options such as a Rule 35 sentence reduction and placement in a protection program were possibilities, but that sentence reductions were ultimately up to the district where Woods was convicted, and given that Woods was currently serving a life sentence, it was possible that Woods' sentence would be unchanged, even if Woods did cooperate with the government.

2018 WL 317430, at *8. Molloy testified that because defendant did not request a sentence reduction before the case-in-chief in the Gravley trial, Molloy did not question defendant during direct examination about the possibility of receiving a Rule 35 sentence reduction in exchange for his testimony, an exchange he normally would have on the stand with a witness who had requested a sentence reduction in exchange for testimony. Molloy testified that defendant brought up his request for a sentencing reduction motion for the first time just before giving his rebuttal testimony.[2] Molloy testified that he explained the process quickly to defendant then, but told defendant that he would not have time to contact the prosecutor for the Middle District of Tennessee before defendant would need to testify in rebuttal. Contrary to defendant's allegation, Molloy testified that he did not remember defendant saying he would not testify in rebuttal unless a "promise" was made.

During defendant's rebuttal testimony at Gravley's trial, in order to inform the jury about any bias, Molloy asked defendant about his hope for a sentence reduction in exchange for his testimony:

> Q. First of all, Mr. Woods, now that you have thought about it perhaps more, what do you anticipate or hope that the government might do for you as a result of your testifying in this case?
> A. Receive a Rule 35 and be placed in the witness protection program.
> Q. All right. Now with regard to the Rule 35, were you at once under the impression that because you are doing a life sentence, that you cannot receive a Rule 35?
> A. Yes.
> Q. Do you understand that that is not the case, that is not the way it works –
> A. Yes, sir.
> Q.—that you can? What do you understand the Rule 35 to be?

---

[2] At the hearing, defense counsel asked Molloy about a letter Molloy had sent regarding inmate security prior to trial stating that the defendant, like other cooperating inmates, "hopes to get a Rule 35 sentence reduction and to be placed in a safe institution." Molloy testified that he made that statement in error and that the defendant had not asked for a Rule 35 until immediately prior to his rebuttal testimony. Defendant's testimony is consistent with Molloy's on that point.

A. Well, the government, *they haven't made any promises. They can only recommend and file a Rule 35. And there is nothing guaranteed. It is up to my sentencing judge whether or not a Rule 35 is even granted or if I receive a time cut.*
Q. I can recommend it; is that correct?
A. Yes, sir.
Q. But it is ultimately up to the judge. I think you were out of Nashville, Tennessee?
A. Yes, the Middle District of Tennessee.
Q. All right. Anything else that you had requested or any other kind of benefit that you hope to receive?
A. No, sir.

Kentucky Tr. Trans. at 1687-88 (emphasis added).

After the trial, Molloy sent a letter to the "home" prosecutors of all the inmates who testified against Gravley, including defendant, detailing their assistance at the trial and recommending they each receive a Rule 35 reduction. Molloy testified he received no immediate response from the Middle District of Tennessee to the letter, and he repeatedly contacted the United States Attorney's Office in the ensuing months.

In September 2011, six months after the conclusion of the Kentucky trial, defendant sent a letter to Molloy thanking him for letting him testify, and noting "I know at this point it's very limited what you can do [to assist me]." Defendant also wrote to Assistant United States Attorney Koshy to apologize for his conduct during his proceedings in the Middle District of Tennessee. When Molloy eventually talked to Koshy, on April 19, 2012, over a year after Molloy had sent his letter recommending a Rule 35 motion be filed on defendant's behalf, Koshy said his office would not file a Rule 35 motion on behalf of defendant. Molloy said he learned for the first time then from Koshy about defendant's perjury before the grand jury, that defendant had made false accusations against Koshy, and that he had been a fugitive for a time.[3]

---

[3] Molloy said had he known about this conduct he might not have called defendant to testify because it likely should have been disclosed to Gravely before trial. Molloy testified that he did disclose the information to Gravley once he learned about it, and Gravley requested a new trial based on the information. But the Kentucky court ruled that

Molloy subsequently received a letter from defendant accusing him of failing to follow through on his promise to file a Rule 35 motion on defendant's behalf. Molloy testified that the letter's representation of any promise was "patently inaccurate." Molloy wrote a letter to defendant in March of 2013 that summarized his recollection of their interactions leading up to defendant's testimony at the Gravley trial, the events that transpired since the trial, and offering his regret that defendant misunderstood the limits of Molloy's efforts to obtain a Rule 35 sentence reduction for defendant:

> As to your letter of March 15, 2013, I did not tell you I would directly file a Rule 35 in your behalf. I have no standing to do so, and at no time did I tell you that I could or would file a Rule 35 motion directly to your trial judge. I told you explicitly that first it was up to your prosecutor and lastly to your judge.

Molloy's testimony at the hearing in December 2017 was consistent with the contents of the letter, and Molloy's memory and recitation of his interactions with defendant have remained consistent since 2011.

Defendant's former counsel, Richard Tennent, testified that he had started representing defendant in 2006 or 2007 during the appeal of defendant's § 2255 motion. He testified that he was not well versed in Rule 35 proceedings, but that he and defendant had discussed the possibility of seeking a sentence reduction even before the 2011 Gravley trial in Kentucky. When the opportunity to testify at the Gravley trial arose, Tennent said he advised defendant to cooperate at the Gravley trial "out of the goodness of his heart" and to trust he would be rewarded, advice he acknowledged was "error." Tennent thought he might have talked to defendant before defendant gave his rebuttal testimony at Gravley's trial, but he wasn't sure. He said his best recollection was

---

defendant had not been a "crucial" witness and denied the motion because the jury would likely have still convicted Gravley.

reflected in a motion to compel he filed on defendant's behalf in the district court on December

21, 2013:

> a. Mr. Molloy told counsel that he was rushed for time . . . and that the issue of a Rule 35 came up on the eve of recalling Mr. Woods as a rebuttal witness.
> b. Due to the rush of time, Mr. Molloy did not have time to contact the relevant Assistant US Attorney in the Middle District of Tennessee, as would have been his normal course of conduct.
> c. Mr. Molloy was not certain exactly what he told Mr. Woods about the Rule 35 process. It was his normal practice to fully explain the process (including the role of the local US Attorney), and he 'suspected' or 'believed' he 'would have' told Mr. Woods this information. However, he did not remember exactly what he said.
> d. Mr. Molloy was sure he did not 'promise' that Mr. Woods would receive a sentencing reduction. However, again, he did not remember exact words.

Tennent testified that Molloy has consistently denied to Tennent that he promised defendant that

he would file a Rule 35 motion and Tennent's own notes and other documentary evidence support

that statement.

Defendant was the third witness to testify at the hearing. His testimony is fairly consistent

with the other two witnesses until he testifies about his recollection concerning the meeting with

Molloy before the Kentucky trial. Defendant testified that Molloy told him that when asked at

Gravley's trial what he was receiving in exchange for his testimony, he should say that the only

thing he had been promised was witness protection because he was serving a life sentence and was

not eligible for a Rule 35 reduction.[4]

Defendant denies that Molloy ever went over his "three-step" process with him. Defendant

said that when Molloy came to him to ask him to testify in rebuttal, Molloy explained that his case

was in jeopardy because Milburne had lied and said that Gravley did not order him to murder

---

[4] The Memorandum of Understanding between Molloy and defendant does not say that defendant was "ineligible" for a sentence reduction, but says that because defendant was serving a life sentence "it was possible [his] sentence would be unchanged, even if [he] did cooperate with the government." Mem. of Understanding at 1.

anyone. Defendant said that he told Molloy that unless Molloy promised to file a Rule 35 motion he would not testify. According to defendant, Molloy responded, "Okay, Paul, I promise to give you a Rule 35. . . . I will file the motion with the district court." Defendant said that Molloy did inform him that the ultimate decision would be up to the judge. Defendant said he called Tennent and told him that Molloy promised to file a Rule 35 motion. Tennent denied this and said he would have made a note if defendant had said it to him. Defendant testified that he thought Molloy had filed the Rule 35 motion right after the Gravley trial.

In addition to testifying about the Kentucky trial, defendant admitted to being a large-scale drug trafficker, a fugitive after being indicted, violating his plea agreement by failing to disclose everything he knew, and perjuring himself before the grand jury during his own criminal proceedings in the late 1990s and early 2000s. He testified that he disagreed with the finding that he had tampered with witnesses and denied he had lied when he testified during his § 2255 proceeding that he had sex with his girlfriend several times in a government conference room with the knowledge of his attorney, of a Drug Enforcement Agent, and of Assistant United States Attorney Koshy.

The district court's opinion acknowledged the factual dispute as to whether Molloy promised defendant he would file a Rule 35 motion in exchange for defendant's rebuttal testimony at the Gravley trial in Kentucky in 2011. 2018 WL 317430, at *16. It concluded that the government did not "bargain away its discretion" because Molloy had never made such a promise. The court relied on defendant's own conduct in September of 2011 when he wrote to Molloy and thanked him for his assistance in recommending the filing of a Rule 35 motion, which is what Molloy testified he promised to do and did in fact do. The court pointed to Molloy's extensive experience as a prosecutor, especially with utilizing Rule 35 motions in exchange for inmate

testimony. It found that Molloy was more credible than defendant, and that it was unlikely that Molloy would lie in a federal court proceeding. This appeal followed.

## II.

On appeal, defendant makes the same arguments to support his motion to compel that he made in the district court: (1) the government "bargained away" any discretion it had as to whether to file a Rule 35 Motion based on defendant's "substantial assistance" in a murder trial in the Eastern District of Kentucky; (2) the refusal to file a Rule 35 motion was based on an unconstitutional motive; and (3) the refusal to file a Rule 35 motion was not "rationally related" to any legitimate governmental interest.

### A. The government "bargained away" its discretion to file a Rule 35 motion

On appeal, defendant says it was his understanding and "objectively reasonable belief" that Molloy would file a Rule 35 motion on his behalf in exchange for his "extraordinary assistance" in the Gravley trial in the Eastern District of Kentucky in 2011. The district court made extensive factual findings after the December 2017 hearing and concluded that the government had not "bargained away" its discretion to file a Rule 35 motion because Molloy had never promised to do so. The district court relied primarily on the credibility of Molloy, including his lengthy experience as a federal prosecutor, particularly with Rule 35 motions, his consistent recitation of his recollection of the events at issue, and the fact that all of the documentary evidence introduced at the hearing, from the initial Memorandum of Understanding to the letters exchanged between the various actors, supports Molloy's recollection of events. There is no indication in the record beyond defendant's self-serving statements that Molloy "promised" that a Rule 35 motion would

be filed. The testimony and documentary evidence from the evidentiary hearing are uniformly to the contrary. Molloy said he would recommend the filing, and that is what he did.[5]

The district court's factual finding that Molloy did not promise to file a Rule 35 motion is supported by the record and is not clearly erroneous.

### B. Unconstitutional motive

The district court also found that defendant failed to make a substantial threshold showing that the government's decision not to file a Rule 35 motion was based on an unconstitutional motive. Defendant continues to argue on appeal that the government's decision not to file a Rule 35 motion was motivated by its desire to retaliate against him for filing a post-conviction § 2255 motion. "[W]hile an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right." *United States v. Goodwin*, 457 U.S. 368, 372 (1982). To prove an unconstitutional motive, a defendant must present objective evidence that the prosecutor's decision was "motivated by a desire to punish him for doing something that the law plainly allowed him to do." *Id.* at 384. To prevail on appeal, defendant must present evidence that leaves the appeals court "firmly convinced" that the district court was mistaken in its factual finding that the government was not unconstitutionally motivated in its refusal to file the motion. *United States v. Long*, 531 F. App'x 669, 671 (6th Cir. 2013). Defendant has not presented such evidence.

The Supreme Court has addressed claims that federal prosecutors have failed to file sentence-reduction motions for substantial assistance pursuant to 18 U.S.C. § 3553(e) and U.S.S.G.

---

[5] Defendant argues for the first time on appeal that Molloy's promise to him was ambiguous and perhaps he misunderstood Molloy, and that any ambiguity should be construed in his favor. He has previously maintained that the promise was unambiguous and he did not misunderstand Molloy. As demonstrated at the evidentiary hearing, defendant knew that it was the U.S. Attorney's Office in the Middle District of Tennessee that must file the motion, and that it was its decision whether to do so.

§ 5K1.1, but it has not directly addressed a motion under Rule 35(b). In *Wade v. United States*, 504 U.S. 181 (1992), the Court held that a district court lacks the authority to effect a "substantial assistance" sentencing reduction in the absence of the appropriate government motion. The Court also noted that the government is vested with the power, but not the duty, to make the motion, subject only to a review for unconstitutional motives for the failure to so file. *Id*. at 185-86 ("[F]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion.").

Our own precedent also makes clear that a prosecutor's decision not to file a substantial-assistance motion may be reviewed "only for unconstitutional motives." *See United States v. Hawkins*, 274 F.3d 420, 427-28 (6th Cir. 2001) (per curiam); *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000); *see also United States v. Fields*, 763 F.3d 443, 454 (6th Cir. 2014) ("In this circuit, when plea agreements afford the government complete discretion to file a motion for a downward departure, we limit our review to unconstitutional motives. Indeed, unlike other circuits, we do not review for bad faith when the decision to file a motion vests within the sole discretion of the government." (internal quotation marks and citations omitted)).

Defendant's allegation of unconstitutional motive apparently is based on the fact that Assistant United States Attorney Koshy said defendant was lying when defendant claimed in his post-conviction motion that Koshy, a Drug Enforcement Agent, and defendant's own attorney had allowed defendant to have sex with his girlfriend in a conference room during court proceedings. The district court found Koshy and the others more credible than defendant, found that defendant was lying, and dismissed the § 2255 motion. This court affirmed. The fact that defendant was

found to have lied about the *substance* of the § 2255 motion was mentioned as a reason that the United States Attorney's Office for the Middle District of Tennessee declined to file a Rule 35 motion, but defendant has presented no evidence that his *filing* of a federal habeas motion influenced in any way the government's failure to file a Rule 35 motion on his behalf. The allegation of an unconstitutional motive is without merit.

## C. Rationally related to governmental interest

Although it is not clear that we can even review the government's refusal to file a substantial assistance motion under Rule 35 for any reason other than unconstitutional motive, we will briefly address defendant's argument that the government must demonstrate that the refusal is "rationally related" to a governmental interest. The government has consistently maintained that the reason it declined to file a Rule 35 motion was based on the seriousness of defendant's crime and his previous conduct in the Middle District of Tennessee during his original criminal proceeding and later during his § 2255 proceeding. These include lying to the grand jury, fleeing as a fugitive after the filing of charges, possible witness tampering, breaking the terms of the plea agreement by failing to fully disclose information, and lying in his § 2255 motion. Defendant argues that the government may not consider any factors other than his substantial assistance, and cannot consider any factors that went into his original sentencing determination. Defendant provides no authority for this proposition, and the Supreme Court has said otherwise. *Wade*, 504 U.S. at 187 ("[A] showing of assistance is a necessary condition for relief, [but] not a sufficient one."). Furthermore, this court has found that it is appropriate for the district court to weigh considerations such as the ones at issue here when deciding to file a Rule 35(b) substantial-assistance motion. *United States v. Grant*, 636 F.3d 803, 817 (6th Cir. 2011) (en banc). Using the same rationale, we agree that the government can look at factors other than the actual substantial assistance provided by defendant.

Defendant has not plausibly rebutted the government's articulated legitimate reason for not filing the motion.

We affirm the judgment of the district court.